ATLANTIC CITY, DEFENDANT IN ERROR, v. ADAM W.
FRANCE, PLAINTIFF IN ERROR.

Submitted January 10, 1908—Decided June 15, 1908.

1. Where a city charter empowers the adoption of ordinances neces-
   sary and proper for the protection of persons and property, and
   for the preservation of the public health, sufficient power is given
   to sustain an ordinance directed to the suppression of the emission
   from smokestacks, of dense smoke containing soot in sufficient
   quantities to fall upon the surface of the city, but its application
   must be limited to smoke of such character as invades the rights
   of persons and property.
2. Before a conviction can lawfully be had under such ordinance, the
   invasion and injury must be determined by a court having juris-
   diction over such matters.

On error to the Supreme Court, whose opinion is reported
in 45 *Vroom* 389.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Harry Wootton.*

The opinion of the court was delivered by

BERGEN, J.    The plaintiff in error was convicted, under an
ordinance of Atlantic City, of being "the manager of an ice
plant within the limits of Atlantic City, to which was at-
tached a smokestack connected with a furnace, which smoke-
stack, on the day and days aforesaid, emitted dense smoke,
which contained soot in sufficient quantity to permit the de-
posit of such soot on a surface within the limits of Atlantic
City as set forth in the complaint."

The proceedings and conviction were removed to the Su-
preme Court by *certiorari,* where the judgment was affirmed,
and the judgment of the Supreme Court is now here for
review.

The reasons filed in the court below to which the attention
of this court was directed are as follows:

*First.* That the city was without power to pass such an ordinance. We think that *Pamph. L.* 1902, *pp.* 284, 296, *ch.* 107, § 15, which empowers a city council to adopt such ordinances "as they may deem necessary and proper for the good government, order, protection of persons and property, and for the preservation of the public health and prosperity of such city and its inhabitants," is sufficiently broad and comprehensive to sustain an ordinance directed to the suppression of such use of a smokestack as causes to be emitted therefrom smoke containing soot in sufficient quantities to create a nuisance when deposited within the limits of Atlantic City. It would be impossible to define in an ordinance the density of the smoke, the quantity of soot to be deposited, or the precise effect required in each case, to constitute a nuisance, but we think that the creation and emission of dense smoke containing soot in sufficient quantities to fall upon the surface of the city, to the injury of persons, property and the public health, is a wrong which the powers granted to the city authorizes it to suppress, if such a condition would be a nuisance at common law. We are also of opinion that while the ordinance is somewhat broad in its terms, its application must be limited to smoke of such character as invades the rights of persons and property, or affects injuriously the public health of the inhabitants of the city, that being the extent of the powers granted, and that before a conviction under it can be lawfully had, such invasion and injury must be shown, for whether in a given case the quantity of dense smoke emitted, soot deposited and the result therefrom is an invasion of rights and property, or injurious to health, can only be conclusively determined by a court having jurisdiction over such matters. *Hutton* v. *Camden,* 10 *Vroom* 122, 130. The present case shows that the property of the complainant was injured by the dense smoke and soot emitted from defendant's smokestack.

*Second.* That the city has no power to adjudge as a nuisance the emission of smoke, and therefore the ordinance was unreasonable and void. The emission of smoke alone is not what the ordinance is aimed at, but of smoke containing soot

or other substances in sufficient quantities to permit of their being deposited on the surface of the city, and which, when deposited on the property of a citizen in sufficient quantity to damage and annoy him, thereby becomes intrinsically such a nuisance as the common council has a right to prevent and suppress under its general powers. "The authority to preserve the health and safety of the inhabitants and their property, as well as the authority to prevent and abate nuisances, is a sufficient foundation for ordinances to suppress and prohibit whatever is intrinsically and inevitably a nuisance." 1 *Dill. Mun. Corp.*, § 379.

*Third.* That the ordinance is unconstitutional because it deprives the defendant of his property without due process of law. Laws and ordinances relating to the comfort, health and good government of the inhabitants of a city are ordinarily described as "police regulations," and, though they may disturb the full enjoyment of a personal right, are constitutional, notwithstanding they do not provide compensation therefor, for they do not appropriate private property for public use, but merely regulate its enjoyment by the owner, who is supposed to be compensated by sharing in the benefits which such regulations are intended to secure. He holds his property subject to the restriction that he must so use it as not to injure another, and an ordinance which so controls his use of it that it shall not prove injurious to his neighbor, or the inhabitants generally of the municipality, is not a taking of his property without compensation.

*Fourth.* That the complaint does not show that the prosecutor had any control over the plant or building. The ordinance is directed against the owner, agent, manager, lessee or occupant of any building, &c. The complaint charges that the prosecutor was the owner and manager of the building. This, we think, is sufficient to charge that he had the control of the building. An allegation of ownership and management clearly implies control.

*Fifth.* That the conviction does not show that the prosecutor had any control over the building, and that there was no finding of fact that the soot was deposited on any surface

within the limits of Atlantic City. The finding is that the prosecutor was the manager. This is sufficient to bring him within the class described in the ordinance, and the judgment further declares that the smokestack emitted dense smoke containing soot in sufficient quantities to permit the deposit thereof within the limits of Atlantic City. This finding is all that the ordinance requires, and, the evidence shows, was based upon proof of injury to property. This disposes of all the reasons assigned which were argued.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—The Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J.   14.

*For reversal*—None.