SCHWARZ BROTHERS COMPANY AND EUGENE J. SCHWARZ, PROSECUTING APPELLANTS, v. BOARD OF HEALTH OF THE CITY OF JERSEY CITY, DEFENDANT-APPELLEE.

Argued March 13, 1913—Decided June 18, 1913.

1. A municipality may lawfully make reasonable regulations prescribing the time within which dead animals may be removed or disposed of and the manner of such disposition.
2. The ordinance of the board of health entitled "An ordinance to regulate the removal and transportation in and through Jersey City of animals dying from accident or disease or killed for any other purpose than consumption for food," in so far as it requires the owner of a dead animal to obtain a permit to remove the carcass, where the dead animal is neither a nuisance nor offensive or dangerous to the public health by reason of the disease or diseases of which it died or for any other reason, is unreasonable in that respect and to that extent.
3. Although the ordinance requires a permit for the transportation of dead animals through the streets by others than the contractor for the removal of dead animals, it cannot on that account be successfully assailed upon the grounds that it denies equal protection of the laws and takes property without due process of

law, under Constitution United States, amendment 14, or that it takes private property for public use without just compensation, under Constitution of New Jersey, article 1, paragraph 16, or that it is unreasonable, discriminatory and creates a monopoly, in so far as it applies to dead animals which are a nuisance or offensive or likely to become dangerous to the public health.

4. That part of the ordinance which delegates to the health officer the power to determine when and under what conditions a permit shall be granted to the owner of a dead animal for its removal is *ultra vires*, as a delegation of power which should be exercised by the board of health.

5. This provision, though invalid, being separable from the other provisions of the ordinance does not tend to defeat the whole ordinance.

6. An ordinance that may operate reasonably in some instances and unreasonably in others is not wholly void and will not be set aside *in toto*.

On appeal from the Supreme Court, whose opinion is reported, *ante p.* 500.

For the appellants, *George L. Record, David & Hastings* and *Merritt Lane.*

For the appellee, *James J. Murphy* and *Thomas G. Haight.*

The opinion of the court was delivered by

KALISCH, J.    This matter comes up for review on an appeal from a judgment of the Supreme Court, which sustained the validity of an ordinance passed by the board of health of Jersey City on the 21st day of November, 1911, entitled "An ordinance to regulate the removal and transportation in and through Jersey City of animals dying from accident or disease or killed for any other purpose than consumption for food."

The validity of the ordinance is assailed by the appellants upon the grounds that it is *ultra vires* and that it is in violation of the fourteenth amendment of the constitution of the United States, in that it denies equal protection of the law and has the effect of taking property without due process of law; and that it is also in violation of paragraph 16 of article 1 of the constitution. of the State of New Jersey, as

amended, in that it is a taking of private property for public use without just compensation, and further that the ordinance is unjustly discriminatory, unreasonable, tends to create a monopoly and was not passed in good faith but for a fraudulent purpose.

The ordinance upon which the attack is made consists of seven sections, the first section of which, in substance, provides that it shall be the duty of every owner of every animal which shall die from accident or disease, or be killed for any purpose other than consumption for food within the limits of New Jersey, to give notice of such death at the office of the board of health within two hours after it takes place, provided that if it takes place after sundown then the notice shall be given by ten o'clock the next morning.

Section 2 provides that it shall not be lawful for any person or persons except the health officer or officers of the board of health, or the contractor for the removal of dead animals to transport or carry such animal as is described in the first section of the ordinance from the place where such animal shall have died to any place within or without the limits of Jersey City, without having first obtained permission in writing from the board or the health officer, and that no such permit shall be granted unless there be a written application for the same signed by the owner of the dead animal. Section 3 provides that if in the judgment of the health officer or any member of the board or officer of the department such dead animal is a nuisance or offensive and likely to be dangerous to public health, or if the owner of such dead animal shall neglect to apply for and receive the permission mentioned in the second section of the ordinance, or in case such permit shall be given and such owner shall neglect or fail to remove such animal without the limits of the city, within the time mentioned in the permit or within such period of time after death of such animal as in the judgment of the health officer or any member of the board is proper to prevent such animal from becoming a nuisance or offensive and likely to become a danger to public health, it shall be lawful for the health officer or any member of the

board to cause the removal of the dead animal forthwith by the contractor for the removal of dead animals, or in such other way as shall seem most expedient. Section 4 makes it unlawful for any person or persons to bring within the limits of Jersey City any animal such as is described in the earlier part of the ordinance except upon permission in writing from the board or health officer. The fifth section provides for the form of the permit, the sixth section provides a penalty for violation of the ordinance, and the seventh section contains a repealer of inconsistent ordinances, rules and regulations therewith.

The Supreme Court held that the ordinance was one which was within the power of the board of health to pass; that it was not unreasonable in its terms; that it did not violate property rights of the owners of dead animals; and that it could not be successfully challenged as having been passed in fact for the benefit of an individual (the contractor for the removal of dead animals) rather than for the conservation of the public health.

We coincide with the Supreme Court that the municipality may lawfully make reasonable regulations prescribing the time within which the dead animals may be removed or disposed of and the manner of such disposition. The sole justification for the exercise of this power is the conservation of the public health. We are also in accord with the view expressed by the Supreme Court that the ordinance is valid (except in one respect to be hereafter mentioned) so far as it relates to dead animals which are a nuisance, or offensive or likely to be dangerous to the public health. But there does not seem to be any sound or valid basis for the provision in the ordinance which requires the owner to obtain a special permit before the removal of the carcass, where the dead animal is not a nuisance and not offensive or dangerous to the public health by reason of the disease or diseases of which it died or for any other reason, and therefore in that respect and to that extent the ordinance is unreasonable. The legal rule is expressed by the Supreme Court in *Kellam* v. *Newark,* 50 *Vroom* 364, as follows: "That such a munic-

ipality may lawfully make a reasonable general regulation under its charter, prescribing a time within which dead animals must be removed or disposed of and the manner of such disposition having due regard to owner's rights, we have no doubt. 38 *L. R. A.* 330, *note.* But we are satisfied that the requirement of a license or special permission for the removal of a dead animal that is in no immediate danger of becoming a nuisance by its owner, is not a reasonable regulation of this character."

The portion of the ordinance above referred to which we deem to be *ultra vires* is that which delegates to the health officer the power to determine when and under what conditions a permit shall be granted to the owner of a dead animal for its removal. This is a delegation of power which should be exercised by the board of health itself. "The general principle that official powers of a legislative or judicial nature may not be delegated to others applies to the powers of a board of health." 21 *Cyc.* 403.

But the fact that this provision in the ordinance is invalid will not justify the setting aside of the whole ordinance (*Staats* v. *Washington,* 16 *Vroom* 318; 17 *Id.* 209), for the provision is independent and separable from the remainder of the ordinance. To the same effect is *Doran* v. *Camden* (*Court of Errors and Appeals*), 35 *Id.* 666, where the cases are collected.

The ordinance except as to the portion last indicated so far as it relates to the removal of carcasses which are a nuisance and may be dangerous to the public health, is valid and therefore the judgment of the Supreme Court should be affirmed. The ordinance being unreasonable in its application to the owners of dead animals which are not included in the above category, the remedy of such owner is to resist its attempted enforcement against him. *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286; *Gaslight Company* v. *Rahway,* 29 *Id.* 510. The rule is well settled in this state that an ordinance that may operate reasonably in some instances or circumstances and unreasonably in others is not wholly void and should not be set aside *in toto.* *North Jer-*

*sey Street Railway Co.* v. *Jersey City,* 46 *Id.* 349, where the cases are collected. The cases dealing with the same subject matter and decided since then are *Cain* v. *Bayonne,* 52 *Id.* 15, and *Neumann* v. *Hoboken,* 53 *Id.* 275. In the Bayonne case, Mr. Justice Garrison, in commenting upon the legal rule (at *p.* 16), says: "The decision of the Court of Errors and Appeals in *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286, is authority for the propositions that it is not necessary that an entire ordinance should be annulled in order that objections to certain applications may be questioned as and when they are placed before the courts for specific determination, and that the proper judicial action, if the objection to certain provisions of an ordinance be well founded, is not to vacate the ordinance *in toto,* but refuse to give effect to the part of it that is, on this hypothesis, valid."

For the reasons given the judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 8.

*For reversal*—THE CHANCELLOR. 1.