SALVADORE FALCO, PROSECUTOR, v. THE CITY OF
ATLANTIC CITY ET AL., RESPONDENTS.

Submitted July 5, 1923—Decided November 17, 1923.

1. Chapter 97 of the laws of 1917 (*Pamph. L.*, *p.* 208), authorizing municipalities to enact ordinances regulating the opening and closing of barber shops, is not obnoxious either to the fourteenth amendment of the federal constitution or to paragraph 1 of article 1 of the constitution of this state, but is a legitimate exercise of the police power to the extent that such regulation is not unreasonable.

2. An ordinance rested on chapter 97 of the laws of 1917 (*Pamph. L.*, *p.* 208), prescribing that barber shops shall close at nine P. M. on Saturdays and eight P. M. on other week days, is not unreasonable, nor is it open to the objection of being in restraint of trade.

---

On *certiorari*.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Parsons & Parsons.*

For the respondents, *Joseph B. Perskie.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up the conviction of the prosecutor in the recorder's court of Atlantic City for operating his barber shop in that city on Thursday, April 27th, 1922, after eight o'clock P. M., in violation of an ordinance forbidding such operation after that hour. No question is raised with respect to the procedure resulting in the conviction, but the attack is upon the ordinance and the statute on which it is based. That statute is chapter 97 of the laws of 1917 (*Pamph. L., p.* 208), and provides that the governing body of any municipality shall have power to pass, enforce, alter or repeal ordinances to regulate the opening and closing of barber shops on Sundays and legal holidays, also on week days; to fix and enforce penalties for violation of such ordinances, not exceeding a fine of $25 or imprisonment not over ten days. The ordinance forbids the operation of barber shops "during hours other than the following, namely, week days between 7 A. M. and 8 P. M., Saturdays between 7 A. M. and 9 P. M.," &c. The penalty in this case was warranted by the statute and the ordinance.

The points made are that the statute is in violation of the fourteenth amendment to the federal constitution and of paragraph 1, of article 1 of the state constitution (the clause establishing the right of "acquiring, possessing and protecting property"); that the ordinance is unreasonable; that it is in restraint of trade; that the section in the ordinance relating to licensing barber shops is invalid, and that the declaration in the ordinance that it is "necessary in order to protect the general welfare and health of the people frequenting and using barber shops," is, in the language of the brief, "not well founded."

As to constitutionality, the statue is well within the limits of the general police power. The fruitfulness of many barber shops as spreaders of certain forms of contagious disease is a matter of common knowledge, and the power of the state and its subordinate agents to provide for licensing, regulation and inspection of such places in the interest of the public health cannot be doubted. From the health standpoint, "stringent regulations are lawful." *La Porta* v. *Board of Health,* 71 *N. J. L.* 88.

So far as relates to the provision in the act of 1917 permitting regulation of the opening and closing hours, this is also within the police power. In *Barbier* v. *Connolly,* 113 *U. S.* 27, and *Hing* v. *Crowley, Id.* 703, regulations of the hours of closing public laundries were considered by the Supreme Court of the United States and held not in violation of the fourteenth amendment. We fail to see any merit in the constitutional point.

Nor can it be said judicially that the ordinance fixing nine p. m. on Saturdays and eight p. m. on other week days as the closing hour is unreasonable. If it be reasonable to set a closing hour, and we think it plainly is, that hour must be left to the fair discretion of the municipal authority. Where such authority is empowered to use its discretion in passing ordinances, the implication is that they shall be reasonable; but every intendment is in favor of their reasonable character, and unless plainly unreasonable, the court will not interfere. *McGonnell* v. *Orange,* 98 *N. J. L.* 642, 647, and cases cited. So considered the regulation in question is not unreasonable. It seems probable that one reason for the legislation upon which it rests was to enable municipal authorities to fix a definite time within which their inspectors might readily and adequately perform their duties with respect to such places. Barber shops are public places, frequented by all classes. Sanitary supervision thereof is very generally regarded as necessary and powers conferred to that end should receive liberal construction so that they may be rendered effective. *La Porta* v. *Board of Health, supra.* To allow barber shops to remain open to the public at all hours of the night

might well be regarded as rendering ready and adequate inspection inconvenient or difficult or even impossible, and consequently detrimental to public health. Such considerations are for the fair determination of the municipal authorities, and we cannot say that the regulation in the instant case is unreasonable.

As to the objection that the ordinance is in restraint of trade and therefore unlawful, we see no merit in it. All persons engaged in the same business are thereby treated alike; are subject to the same restrictions, and are entitled to the same privileges under similar conditions.

The power to license and to impose stringent regulations on barber shops was upheld in *La Porta* v. *Board of Health, supra,* which is dispositive in this court of the point that the ordinance is invalid because a license fee is imposed.

The point that the declaration in the ordinance that it is "necessary in order to protect the general welfare and health of the people frequenting and using barber shops" is "not well founded," is sufficiently disposed of by what we have already said.

The judgment of conviction will be affirmed, with costs.