FIRST CHURCH OF CHRIST, SCIENTIST, NEWARK, NEW JERSEY, PROSECUTOR-RESPONDENT, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANT-APPELLANT.

GULF OIL COMPANY, PROSECUTOR-RESPONDENT, v. THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK ET AL., DEFENDANTS-APPELLANTS.

Submitted February 3, 1942—Decided May 14, 1942.

For the appellants, *Raymond Schroeder* (*Philip J. Scholland*, of counsel).

For the respondent First Church of Christ, Scientist, *Alexander T. Schenck* (*Robert W. Kirkman*, of counsel).

For the respondent Gulf Oil Company, *Samuel Weitzman*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The judgments under review are affirmed. This conclusion is based upon the factual findings of the Supreme Court as well as upon its judgment that the zoning ordinance prohibiting public garages, which by definition include gasoline stations, throughout the entire city, is an unlawful exercise of its power of legislation under New Jersey Constitution, article IV, section 6, paragraph 5; *Pamph. L.* 1928, *ch.* 274, *p.* 698; *N. J. S. A.* 40:55-30.

There are certain structures and uses that have peculiar and unusual characteristics, such as those here under consideration, that put them in a class apart from other structures and uses and, while public necessities, may have a particular bearing upon the public safety and general welfare if not located with due consideration of conditions, surroundings, necessity and convenience, necessitating and requiring a proper method of regulation but not warranting an absolute prohibition.

It is argued by appellant that the Newark ordinance is within the doctrine of *Schnell* v. *Ocean* (*Supreme Court*), 120 *N. J. L.* 194, but that is not so.

The ordinance in *Schnell* v. *Ocean, supra,* did not provide for any zone in which these structures might be erected or used and did not purport to be an exercise of the zoning

power but of the general police power to regulate gasoline stations and kindred structures and uses because of their peculiar characteristics and it laid down a standard for the guidance of the board of adjustment, which was whether, in its judgment the structure and use would be detrimental to the health, safety, and general welfare and was reasonably necessary for the convenience of the community. It was held that this was property delegated to the adjustment board under subdivision 4 of section 9 of the Zoning Act, *Pamph. L.* 1928, *p.* 698; *R. S.* 1937, 40 :55-39, *et seq.* This finding is approved and adopted by us. There was no such standard or criterion in the Newark ordinance but, on the contrary, a flat prohibition.

The judgments under review are affirmed, with costs.

PARKER, J. (Concurring in result.) I agree that the judgment of the Supreme Court should be affirmed to the extent of setting aside the refusals, in view of the facts relative to the premises in question and the neighborhood, as found by that court and stated in its opinion, and which led the court to the conclusion that the failure to grant to the prosecutor-respondent a permit to build a gasoline station was unreasonable and therefore void, but do not concur in the further holding by the Supreme Court, that the zoning ordinance of Newark "excludes gasoline stations throughout the city" and the adjudication that to that extent the ordinance will be set aside. This construction of the ordinance is challenged here on substantial grounds, and seems to be in conflict with the decision of the same court touching a similar ordinance, in *Schnell* v. *Ocean Township,* 120 *N. J. L.* 194. Passing the point that the City of Newark in its corporate capacity is not a party to this litigation, and that the writ was not directed to the ordinance but to the decision of the Board of Adjustment, I think the ordinance expresses the intent, not that there shall be no gasoline stations (called "public garages") in the city, but that they are in a class requiring action of the Board of Adjustment in the first instance, passing over the head of the building inspector who is without authority to grant any variances.

On the factual merits, the judgment setting aside the refusal of the Board of Adjustment should be affirmed.

I am authorized by the Chief Justice to add that he concurs in the views above expressed.

*For affirmance not on opinion*—THE CHIEF JUSTICE, PARKER, J. 2.

*For affirmance*—THE CHANCELLOR, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 9.

*For reversal*—None.