O'MEALIA OUTDOOR ADVERTISING CO. ET AL., PROSECUTORS, v. MAYOR AND COUNCIL OF THE BOROUGH OF RUTHERFORD, DEFENDANTS.

Argued January 20, 1942—Decided August 19, 1942.

Before Justices PARKER, DONGES and COLIE.

For the prosecutors, *Greenburg, Wilensky & Feinberg.*

For the defendants, *Oliver T. Somerville.*

The opinion of the court was delivered by

DONGES, J.   The *certiorari* brings into this court an ordinance of the Borough of Rutherford, in the County of Bergen, approved September 2d, 1941, the enacting part of which reads as follows:

"1. No person, firm or corporation shall erect or maintain any billboard or other structure for outdoor advertising for profit through rentals or other compensation to be received for the erection, use or maintenance of such billboards or other structures for the display of advertising matter within the Borough of Rutherford.

"2. No person, firm or corporation not engaged in the business of outdoor advertising for profit shall erect or maintain any billboard or other structure for the outdoor display of advertising matter except upon the premises where the business advertising is carried on, and then only after compliance with the laws of the State of New Jersey concerning billboard advertising.   Provided, however, this paragraph shall not apply to signs on real estate exclusively to advertise the same for sale or to let or to signs of civic organizations, service clubs or veterans' organizations."

The stipulation of facts recites:

"8. The prosecutors are engaged in the general advertising business and have been so engaged for a long period of years.

"9. The prosecutors maintain and operate a large number of outdoor advertising billboard and posting structures generally throughout the northern part of the State of New Jersey, and also within the borough limits of the respondent."

"15. The prosecutors' outdoor advertising billboard and poster structures are erected and maintained wholly on private property and do not abut or over-hang any public street or public thoroughfare.

"16. The prosecutor companies have generally erected structures upon leased lands for the purpose of selling space pursuant to written contracts with national and local organizations, companies and concerns. The prosecutors maintain twenty (20) such billboards within the borough Limits of the Borough of Rutherford at the present time, and have various contracts for various terms as yet unexpired for their use.

"17. The prosecutors, prior to September 2, 1941, leased lands and structures situate in business and industrial areas from the owners thereof for outdoor advertising purposes, and these leases are yet unexpired and will run for many years in the future. On most of these lands and structures, the prosecutors have already erected billboards, and on some of them, prosecutors have not as yet erected billboards thereon."

It is further stipulated that prosecutors' billboards are erected and maintained in accordance with the provisions of the statute, *R. S.* 54:40; that said billboards advertise almost every type of industry, goods and merchandise, and social, political, and religious subjects; that said billboards are safe and are of approved construction and design; that they are not dangerous to life or limb, nor do they constitute a traffic or fire hazard.

Attack is made upon said ordinance upon various grounds, amongst which are that the ordinance is invalid and not within the police power of the borough; that it is in restraint of trade and amounts to a prohibition of a legitimate business, and, therefore, unconstitutional.

The statutory authority relied on by the municipality is *R. S.* 40:48-2, which provides:

"Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the

preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this sub-title, or by any law."

The ordinance in question in its first section prohibits the use of all lands in the municipality for a lawful purpose. As was said by the Court of Errors and Appeals in *Passaic* v. *Paterson Bill Posting Co.*, 72 *N. J. L.* 285:

"It is obvious that the effect of the ordinance is to deprive the landowner of the ordinary use for a lawful business purpose of a portion of his land. Such deprivation is a taking within the meaning of the constitutional provision (*Trenton Water Power Co.* v. *Raff*, 7 *Vr.* 335, approved by this court in *Pennsylvania Railroad Co.* v. *Angel*, 14 *Stew. Eq.* 316), and where no compensation is given to the landowner the taking can only be justified if it is done in the exercise of the police power of the state. * * *

"The true rule to be extracted from the cases, and the one abundantly supported by them, is that when statutes are obviously intended to provide for the public safety, and the ordinances prescribed under them are reasonable and in compliance with their purposes, both the statutes and the ordinances are lawful and must be given due effect. When the control attempted to be exercised over private rights is in excess of that essential to effectuate such legitimate authority, it deprives the owner of his property by circumscribing the use of it, without giving him the just compensation secured to him in such case by the organic law."

To the same effect is *Bill Posting Sign Co.* v. *Atlantic City*, 71 *N. J. L.* 72; see *First Church, &c.*, v. *Board of Adjustment of Newark*, 128 *Id.* 376.

Section 2 of the ordinance is likewise invalid because it unduly restricts the use of property. It likewise exempts some classes from the operation of the ordinance. It is apparent that the ordinance was not enacted to promote public health, safety and general welfare. *State* v. *Nutley*, 99 *N. J. L.* 389; *Durkin Lumber Co.* v. *Fitzsimmons*, 106 *Id.* 183; *Gabrielson* v. *Glen Ridge*, 13 *N. J. Mis. R.* 142; 179 *Duncan Ave. Corp.* v. *Jersey City*, 122 *N. J. L.* 292.

As was said in *Passaic* v. *Paterson Bill Posting Co., supra:*

"We think the control attempted to be exercised is in excess of that essential to effect the security of the public. It is probable that the enactment of section 1 of the ordinance was due rather to aesthetic considerations than to considerations of the public safety. No case has been cited, nor are we aware of any case which holds that a man may be deprived of his property because his tastes are not those of his neighbors. Aesthetic considerations are a matter of luxury and indulgence rather than of necessity, and it is necessity alone which justifies the exercise of the police power to take private property without compensation."

The effect of the ordinance under review is to take private property without compensation and, since it is not designed to promote public health, safety and general welfare, and cannot be justified as an exercise of the police power, it is invalid.

It is claimed by defendant that prosecutors have no standing to challenge the validity of the ordinance. We conclude that prosecutors have such interest. Concededly, they have property rights in lands in the municipality which will be affected by the ordinance beyond any that is common or general to all property owners. *Appley* v. *Bernards Township*, 128 *N. J. L.* 195.

Again, it has been held where "the prosecutor has a direct interest in setting aside the ordinance and if any of the reasons for so adjudicating are valid, and, at the same time, is a cause for which the court will vacate the ordinance *in toto,* the court may adjudge it to be void before any action to enforce it has been begun.

"Assuming that it was incumbent upon the prosecutor to show his residence, if that were material, and that such proof is lacking, yet he has shown a property interest in the township which is injuriously affected by the ordinance, as is hereinafter alluded to, and which for the purposes of this case we may conclude will secure to him a status to prosecute the writ." *Rosencrans* v. *Eatontown,* 80 *N. J. L.* 227; *Shoemaker & Co.* v. *Board of Health,* 82 *Id.* 33.

The ordinance is set aside, with costs.