THOMAS E. STARKEY ET AL., PROSECUTORS, v. CITY OF
ATLANTIC CITY, A MUNICIPAL CORPORATION OF
NEW JERSEY, AND BOARD OF COMMISSIONERS OF
THE CITY OF ATLANTIC CITY, RESPONDENTS.

Argued May 3, 1944—Decided July 14, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutors, *Smathers, Scott & Munyan* and *Moore & Butler* (*Louis P. Scott* and *Charles F. Moore*).

For the respondents, *George T. Naame* and *Samuel Backer*.

The opinion of the court was delivered by

CASE, J.   The attack is upon an ordinance of Atlantic City passed December 2d, 1943, restricting the hours during which drug stores may be open.   The ordinance is prefaced by preambles which recite that the enactment is passed because of emergency conditions arising out of the war effort and the resultant shortage of pharmacists and clerks;   that without the ordinance pharmacists and clerks would be greatly overworked and thereby made susceptible to mistakes in filling prescriptions;   that the summer influx of visitors in large numbers nevertheless presents a condition which needs to be met even at the sacrifice of the restriction in hours;   that the ordinance has been requested by a large majority of the operators, pharmacists and clerks in the local drug stores and, further, that the good health and welfare of the public requires

the adoption of the ordinance. The ordinance ordains, in sections one and two, that all drug stores in the city shall, between September 15th and May 15th, be closed from Monday to Friday, inclusive, and on Sunday, between the hours of ten P. M. and seven A. M., and on Saturday between the hours of twelve o'clock midnight and seven A. M., but that those provisions shall not be effective from May 16th to September 14th or during the seven days preceding Christmas or during a like period preceding Easter; in section three, that parts of the ordinance shall remain valid even if other exscinded parts be pronounced unconstitutional; in section four, that a violation shall be punished by penalties there enumerated; and in section five, that the ordinance shall be in effect for the duration of the present war.

Prosecutors present their argument under three points: First, that the ordinance is discriminatory and unreasonable; second, that the ordinance, within itself, is repugnant, contradictory and inconsistent; and, third, that the ordinance is unconstitutional in that it violates section I of the Fourteenth Amendment of the constitution of the United States. Analysis will disclose similarity between the ordinance now under review and the Union City ordinance which was considered in *Spiro Drug Service, Inc.,* v. *Board of Commissioners of Union City,* 130 *N. J. L.* 1; *affirmed,* 130 *Id.* 496; and the argument now presented follows rather closely the argument considered and rejected in that case.

The only substantial distinction between the facts and the contentions in the two cases is that here certain periods of the year are excepted from the application of the ordinance. We are of the opinion that the decision in the Spiro case is controlling. Atlantic City is said to have a permanent population of approximately 60,000 inhabitants whereas the influx of visitors during the summer season and at other special periods vastly increases the customer demand upon various stores, particularly drug stores with their combined drug, soda fountain and general merchandise businesses. In the Union City ordinance the closing hours were fixed at ten o'clock from Monday to Friday, at eleven o'clock on Saturday and at nine o'clock on Sunday. In the Atlan-

tic City ordinance the closing hours, except for the pressure periods, are fixed at ten o'clock from Monday to Friday, inclusive, and on Sunday, and at twelve o'clock, midnight, on Saturday. Such differences as exist in the Atlantic City ordinance give greater latitude to the druggist. To hold that because of the lifting of the restrictions upon druggists during the very busy seasons a municipality may not fix hours during the normal periods of the year no less generous than are lawfully applied in other municipalities would, we think, be a wholly unreasonable limitation by judicial authority on those who have the ordinance-making authority. For other instances of judicial approval upon the control of hours by municipal authorities see *Wagman* v. *Trenton,* 102 *N. J. L.* 492, cited in the Spiro decision, and also *Falco* v. *Atlantic City,* 99 *Id.* 19.

Our conclusion is that the ordinance under review is valid. The writ of *certiorari* will be dismissed, with costs.