CHARLES KOVACS, PROSECUTOR-APPELLANT, v. ALBERT COOPER, JR., JUDGE OF THE FIRST DISTRICT POLICE COURT OF TRENTON, DEFENDANT-RESPONDENT.

Argued February 6, 1947—Decided April 24, 1947.

For the appellant, *George Pellettieri.*

For the respondent, *Louis Josephson* and *John A. Brieger.*

PER CURIAM.

The judgment herein is affirmed by an equally divided court.

COLIE, J. (For reversal.) I am of the opinion that the judgment under review should be reversed but I do not agree that section 4 of the ordinance is an unconstitutional exercise of the police power. The privilege of a citizen to use the streets for the communication of ideas is not absolute but must be exercised in subordination to the general comfort and convenience. Most assuredly the prohibition against making "loud and raucous" noises is a reasonable regulation.

Appellant was found guilty of a violation of section 4 of "An Ordinance to prohibit the making of unnecessary noise." Section 4 reads:

"That it shall be unlawful for any person, firm or corporation, either as principal, agent or employee, to play, use or operate for advertising purposes, or for any other purpose whatsoever, on or upon the public streets, alleys or thoroughfares in the City of Trenton, any device known as a sound

truck, loud speaker or sound amplifier, or radio or phonograph with a loud speaker or sound amplifier, or any other instrument known as a calliope or any instrument of any kind or character which emits therefrom loud and raucous noises and is attached to and upon any vehicle operated or standing upon said streets or public places aforementioned."

The prohibition is against the emitting of "loud and raucous" noises and applies equally to each of the enumerated categories, *i. e.*, sound truck, loud speaker, sound amplifier, radio or phonograph with loud speaker or sound amplifier, calliope or any other instrument.

The only evidence before the trial court was that a patrolman heard a sound truck broadcasting music and heard a man's voice broadcasting from the sound truck. There is not a scintilla of evidence that the music or voice was loud or raucous, and under the wording of section 4 such proof is an essential prerequisite to a finding of guilt of a violation.

EASTWOOD, J. (For reversal.) Prosecutor-appellant was convicted in the Police Court of the City of Trenton for a violation of the fourth section of an ordinance of the City of Trenton, entitled "An Ordinance to Prevent the Making of Unnecessary Noise." On *certiorari,* the judgment of conviction was affirmed.

The factual minutiae reveal that prosecutor-appellant, on August 22d, 1946, placed what is commonly known as an amplifier on a sound truck driven by another on South Stockton Street in the City of Trenton, and employed the device both for playing music and speaking through the sound amplifier. Although the record is barren as to the purpose or subject-matter of prosecutor-appellant's discourse, it is stated in the brief filed on his behalf that his comments were made in relation to a labor dispute then in progress in Trenton. On August 23d, 1946, prosecutor was tried and convicted by defendant-respondent, sitting as Judge of the Trenton Police Court, who imposed a fine of $50 upon prosecutor-appellant under the provisions of section 6 of the ordinance in question.

The question presented for judicial determination is the constitutionality of the ordinance. It is claimed by prosecutor-

appellant that the challenged ordinance deprives him of various unalienable rights, among which are freedom of speech and freedom to communicate information and opinions to others, and freedom of assembly guaranteed to him by article 1, paragraph 5, and article 1, paragraph 18, of the New Jersey Constitution, and section 1 of the Fourteenth Amendment of the United States Constitution; also, that the provisions of the ordinance are obscure, vague and indefinite in that they are impossible of reasonable interpretation, and, therefore, in violation of article 1, section 1, of the New Jersey Constitution, and section 1 of the Fourteenth Amendment of the United States Constitution. In defense of the ordinance it is maintained that the municipality had full and ample authority to enact the challenged legislation in its lawful exercise of its inherent police power; and further, that the provisions of the ordinance are not obscure, vague and indefinite; and that, therefore, the ordinance in question is constitutional and the conviction of prosecutor-appellant thereunder was proper.

That portion of the ordinance under attack provides as follows:

"4. That it shall be unlawful for any person, firm or corporation, either as principal, agent or employee, to play, use or operate for advertising purposes, or for any other purpose whatsoever, on or upon the public streets, alleys or thoroughfares in the City of Trenton, any device known as a sound truck, loud speaker or sound amplifier, or radio or phonograph with a loud speaker or sound amplifier, or any other instrument known as a calliope or any instrument of any kind or character which emits therefrom loud and raucous noises and is attached to and upon any vehicle operated or standing upon said street or public places aforementioned."

That freedom of speech and the right freely to communicate one's information and opinions to others, and the right freely to assemble, are guaranteed to the individual under the constitutions of this state and of the United States, are principles so well established as to admit of no dispute. Likewise the authority of a municipality to employ its inherent police powers to the end that good government, order and the pro-

tection of persons and property and for the preservation of public health, safety and welfare of its inhabitants, in exercise of such powers is a principle that is not open to challenge. It is thus apparent that individual privileges under the constitutional guarantees and the police powers of the municipality for the protection of the public welfare, are relative rights, not to be arbitrarily asserted nor unqualifiedly insisted upon. Both must be so construed so as to effect a nicety of balance to the end that the rights of the individual and those of the public at large may be brought into harmonious rapprochement. The right or privilege of free speech or publication, guaranteed by the constitutions of the United States and of the several states, has its limitation. The right is not an absolute one and although limitations upon such rights may not be made except in exceptional cases, the constitutional prohibition against freedom of speech was not intended to give immunity for every use or abuse of language. *Near* v. *Minnesota,* 283 *U. S.* 697; 75 *L. Ed.* 1357; 51 *S. Ct.* 625; *Gitlow* v. *New York,* 268 *U. S.* 652; 69 *L. Ed.* 1138; 45 *S. Ct.* 625. The right of freedom of speech is guaranteed by the provision of our constitutions both state and federal, and it has ever been the effort of the government and the courts to uphold and maintain it under proper and reasonable restriction. *State* v. *Klapprott et al.,* 127 *N. J. L.* 395; 22 *Atl. Rep.* (2d) 877. The foregoing authorities are representative of a host of decisions affirming those unalienable rights constitutionally guaranteed to the individual. On the other hand, it has been held time and time again, by authorities of equal weight and importance, that municipalities may enact regulations in the interest of the public safety, health, welfare and convenience so long as these regulations do not abridge the individual liberties secured by the state and federal constitutions. *Schneider* v. *State of New Jersey,* 308 *U. S.* 147; 84 *L. Ed.* 155; 60 *S. Ct.* 146; *Hague* v. *Congress of Industrial Organizations,* 307 *U. S.* 496; *Cantwell* v. *Connecticut,* 310 *Id.* 296.

The right of a municipality to enact ordinances in furtherance of its inherent police powers finds statutory expression in the provisions of *R. S.* 40:48-2, which provides as follows:

"Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law." Specifically, under the general heading of ordinances, the governing body of every municipality may make, amend, repeal and enforce ordinances to:

"Auctions and noises. 8. Regulate the ringing of bells and the crying of goods and other commodities for sale at auction or otherwise, and to prevent disturbing noises;" *R. S.* 40:48-1.

Addressing our attention to the language of the challenged ordinance, it is clear that its effect is to outlaw and prohibit *in toto* any use of "any device known as a sound truck, loud speaker or sound amplifier, * * * on or upon the public streets, alleys or thoroughfares in the City of Trenton, * * *." It prohibits such use "for advertising purposes, or for any other purpose whatsoever, * * *." The decision below was grounded on the reasoning that the purpose of the legislation in question was to proscribe by the ordinance a potential nuisance. (See *Kovacs* v. *Cooper,* 135 *N. J. L.* 64; 50 *Atl. Rep.* (*2d*) 451.) That holding we conclude was erroneous. It is difficult to conceive, and we do not perceive in what manner and by what means the use of a sound truck or an amplifying device thereon, when properly regulated and confined as to the time, area and extent of its use, is, *per se,* a nuisance. Conceivably an unlimited and unrestricted use of such device might result in the creation of a nuisance, but when reasonably limited and restricted might well be considered as a proper and permissible mode and means of conveying information and opinions beneficial to the public at large. It appears to us, and we so hold, that the primary aim of section 4 of the ordinance, under review, is to prohibit "loud and raucous noises," at all times and in all places in

the City of Trenton, emanating from sound trucks, loud speakers, sound amplifiers, radios or phonographs, equipped with loud speakers or sound amplifiers, or other similar instruments. It is thus clear that section 4 of the ordinance is not regulatory within a proper exercise of the police power of the municipality. As stated in *Hague* v. *Congress of Industrial Organizations, supra,* "The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it must not in the guise of regulation be abridged or denied." Section 4 of the challenged ordinance seeks to impose precisely the type of municipal regulation condemned in *Hague* v. *Congress of Industrial Organizations.* Section 4 is thus constitutionally repugnant. As such, it cannot stand.

So far as we are able to ascertain, the precise question before us has not been judicially determined in this state. The case of *Atlantic City* v. *France,* 75 *N. J. L.* 910; 70 *Atl. Rep.* 163 (upholding an ordinance prohibiting the emission of dense smoke from smoke stacks) ; *Schwarz Bros. Co.* v. *Board of Health of Jersey City,* 84 *N. J. L.* 735; 87 *Atl. Rep.* 463 (relating to the removal of dead animals from public streets) ; *Welsh* v. *Morristown,* 98 *N. J. L.* 630; 121 *Atl. Rep.* 697 (regulating parking) ; *Falco* v. *Atlantic City,* 99 *N. J. L.* 19; 122 *Atl. Rep.* 610 (barber shop) ; *Wagman* v. *Trenton,* 102 *N. J. L.* 492; 134 *Atl. Rep.* 115 (public auctions) ; *Spiro Drug Service, Inc.,* v. *Board of Commissioners of Union City,* 130 *N. J. L.* 1; 30 *Atl. Rep.* (2d) 892; *affirmed,* 130 *N. J. L.* 496; 33 *Atl. Rep.* (2d) 872 (drug store) ; *Starkey* v. *Atlantic City,* 132 *N. J. L.* 27; 38 *Atl. Rep.* (2d) 198 (drug store) ; *Amodio* v. *Board of Commissioners of Town of West New York,* 133 *N. J. L.* 220; 43 *Atl. Rep.* (2d) 889 (barber shop) ; advanced by defendant-respondent in support of the challenged ordinance, all involved the proper exercise of the police power of the municipality by means of reasonable regulation and restriction. The foregoing cases are illustrations of a valid exercise of

the police power. They are not authority for the unlimited, unrestricted and prohibitory use of the police power as set forth in section 4 of the ordinance under review.

We conclude that section 4 of the ordinance under attack represents an attempt by the municipality under the guise of regulation, to prohibit and outlaw, under all circumstances and conditions, the use of sound amplifying systems. It follows that this portion of the ordinance is in collision and at variance with the principles relating to and governing a valid exercise of municipal police powers. As such, it cannot be sustained. .It is then the duty and province of the court to declare it invalid. *N. J. Good Humor, Inc., v. Board of Commissioners of Borough of Bradley Beach,* 124 *N. J. L.* 162; 11 *Atl. Rep.* (*2d*) 113, opinion by Mr. Justice Heher; *First Church of Christ, Scientist, ·Newark, New Jersey,* v. *Board of Adjustment of City of Newark,* 128 *N. J. L.* 376; 26 *Atl. Rep.* (*2d*) 246, opinion by Chancellor Campbell; *O'Mealia Outdoor Advertising Co.* v. *Mayor and Council of the Borough of Rutherford,* 128 *N. J. L.* 587; 27 *Atl. Rep.* (*2d*) 863, opinion by Mr. Justice Donges; *Phillips* v. *Borough of East Paterson,* 134 *N. J. L.* 161; 46 *Atl. Rep.* (*2d*) 667, opinion by Mr. Justice Bodine. *Meyer* v. *Nebraska,* 262 *U. S.* 390; 67 *L. Ed.* 1042; 43 *S. Ct.* 625; 29 *A. L. R.* 1446; *Jones* v. *Portland,* 245 *U. S.* 217; 62 *L. Ed.* 252; 38 *S. Ct.,* 112; *L. R. A.* 1918C, 765; *Ann. Cas.* 1918E, 660; *Dobbins* v. *Los Angeles,* 195 *U. S.* 223; 49 *L. Ed.* 169; 25 *S. Ct.* 18; *Mugler* v. *Kansas,* 123 *U. S.* 623; 31 *L. Ed.* 205; 8 *S. Ct.* 273.

The judgment below should be reversed.

Mr. Justice Heher and Judges Wells and Freund concur in the foregoing opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, RAFFERTY, DILL, McLEAN, JJ. 6.

*For reversal*—HEHER, COLIE, EASTWOOD, WELLS, FREUND, McGEEHAN, JJ. 6.