CHARLES KOVACS, PROSECUTOR, v ALBERT COOPER, JR., JUDGE OF THE FIRST DISTRICT POLICE COURT OF TRENTON, RESPONDENT.

Submitted October 1, 1946—Decided December 30, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *George Pellettieri.*

For the respondent, *Louis Josephson* and *John A. Brieger.*

The opinion of the court was delivered by

WACHENFELD, J. This writ of *certiorari* brings up for review prosecutor's conviction by the Police Court of the City of Trenton upon a complaint charging him with violating the fourth section of an ordinance of the City of Trenton entitled "An Ordinance to Prevent the Making of Unnecessary Noise."

The facts are undisputed that on August 22d, 1946, prosecutor set an amplifier on a truck and while driven by another on South Stockton Street in the City of Trenton, first played music and then spoke through the sound amplifier. There is no testimony in the record to indicate the purpose or the subject of this speech, although prosecutor's brief states he was using the sound apparatus to comment on a labor dispute then in progress in Trenton. He was tried and convicted in the Trenton Police Court on the following day upon a complaint charging a violation of section 4 of the aforesaid ordinance and fined $50 in accordance with section 6 thereof.

Section 4 of the ordinance reads as follows:

"That it shall be unlawful for any person, firm or corporation, either as principal, agent or employee, to play, use or operate for advertising purposes, or for any other purpose whatsoever, on or upon the public streets, alleys or thoroughfares in the City of Trenton, any device known as a sound truck, loud speaker or sound amplifier, or radio or phonograph with a loud speaker or sound amplifier, or any other instrument known as a calliope or any instrument of any kind or character which emits therefrom loud and raucous noises and is attached to and upon any vehicle operated or standing upon said streets or public places aforementioned."

Section 6 of the said ordinance, dealing with the penalty provisions, reads as follows:

"That any person, firm or corporation who shall violate any of the provisions of this ordinance shall, upon conviction thereof, be punished by a fine of not to exceed two hundred ($200) dollars, or by imprisonment in the County Jail for a period of not to exceed ninety (90) days, or by both such fine and imprisonment, and each violation of any of the provisions of this ordinance, and each day the same is violated, shall be deemed and taken to be a separate and distinct offense."

The sole question presented to this court by the prosecutor is the constitutionality of the ordinance. Two grounds on which it is attacked are, first, that it deprives the prosecutor of his rights to freedom of speech and freedom to communi-

cate information and opinions to others and freedom of assembly in violation of article 1, paragraph 5, and article 1, paragraph 18, of the New Jersey Constitution and section 1 of the Fourteenth Amendment of the United States Constitution; second, that the provisions of the ordinance are so obscure, vague and indefinite as to make them impossible of reasonable interpretation and, therefore, unconstitutional as violative of article 1, section 1, of the Constitution of New Jersey and section 1 of the Fourteenth Amendment of the Constitution of the United States.

The relevant provisions of the ordinance apply only to (1) vehicles (2) containing an instrument in the nature of a sound amplifier or any other instrument emitting loud and raucous noises and (3) such vehicle operated or standing upon the public streets, alleys or thoroughfares of the city. The problem raised is novel in this jurisdiction. The court in *Evening Times Printing and Publishing Co.* v. *American Newspaper Guild et al.*, 124 *N. J. Eq.* 71, raised but passed over the question of the legality *per se* of the use of sound trucks with broadcasting amplifiers. In that case, it should be noted, there was no municipal ordinance involved and the complainant only sought to enjoin misrepresentations and not all broadcasting through the amplifier.

The purpose of the legislation is clear. The conduct proscribed by this ordinance constitutes a potential nuisance. The attention of motorists is diverted from the efficient operation of their vehicles while that of pedestrians is almost involuntarily attracted to the source of the noise. Thus new traffic hazards are added to the ever-increasing dangers of city thoroughfares. Hence, the purpose of the ordinance is founded in reason.

The freedoms of expression and assembly of the prosecutor may have been prohibited in this respect, but the ordinance leaves untouched the right of the prosecutor to express his views orally without the aid of an amplifier.

While the freedoms of speech and assembly are enunciated and preserved by the New Jersey and United States Constitutions, these freedoms are not absolute but may be curtailed

under a reasonable exercise of the police power where the public health, safety and general welfare of the municipality demand.

In *Cox* v. *New Hampshire,* 312 *U. S.* 569; 61 *Sup. Ct.* 762, the United States Supreme Court considered the constitutionality of a state statute prohibiting a "parade or procession" upon a public street without a special license. In upholding the validity of the statute the court pointed out the position of civil liberties in organized society and said:

"Civil liberties, as guaranteed by the constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses. The authority of a municipality to impose regulations in order to assure the safety and convenience of the people in the use of public highways has never been regarded as inconsistent with civil liberties but rather as one of the means of safeguarding the good order upon which they ultimately depend. The control of travel on the streets of cities is the most familiar illustration of this recognition of social need. Where a restriction of the use of highways in that relation is designed to promote the public convenience in the interest of all, it cannot be disregarded by the attempted exercise of some civil right which in other circumstances would be entitled to protection. One would not be justified in ignoring the familiar red traffic light because he thought it his religious duty to disobey the municipal command or sought by that means to direct public attention to an announcement of his opinions. As regulation of the use of the streets for parades and processions is a traditional exercise of control by local government, the question in a particular case is whether that control is exerted so as not to deny or unwarrantedly abridge the right of assembly and the opportunities for the communication of thought and the discussion of public questions immemorially associated with resort to public places."

In *Hague* v. *Congress of Industrial Organizations,* 307 *U. S.* 496; 59 *Sup. Ct.* 954, while declaring unconstitutional an ordinance of the City of Jersey City which sought to license

through the director of public safety meetings in the streets, parks and public places, the Supreme Court pointed out the same principal of ordered liberty in the followings words (at *p.* 515) :

"Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights and liberties of citizens. The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it must not in the guise of regulation be abridged or denied."

The freedoms of speech and assembly to which the prosecutor is entitled are not restricted except to benefit the general welfare and in such a manner that the "opportunities for the communication of thought and the discussion of public questions" are not substantially curtailed. Such regulation cannot be deemed a violation of the constitutional guaranties to which the prosecutor is generally entitled.

The freedom to express one's opinions and to invite others to assemble to hear those opinions does not contain the right to compel others to listen. The means of expression through a sound amplifier is tantamount to compulsion. The booming voice of a speaker in crowded thoroughfares of the city forcibly attracts the attention of almost all within a wide area. That alleged right was never intended to be guaranteed by either constitution.

While there are no decisions in this jurisdiction concerning anti-noise ordinances, there are others which indicate a municipality may exercise its police power for the benefit of the public health, safety and general welfare even though such exercise might result in the regulation of constitutional liber-

ties and deprivation of certain rights. In *Atlantic City* v. *France*, 75 *N. J. L.* 910, this court held valid an ordinance prohibiting the emission from smoke stacks of dense smoke containing soot in sufficient quantities to fall upon the surface of the city. Similarly, in *Schwarz Bros. Co.* v. *Board of Health*, 84 *Id.* 735, an ordinance relating to the removal of dead animals from the public streets of Jersey City was held constitutional. An ordinance regulating parking was upheld in *Welsh* v. *Morristown*, 98 *Id.* 630. This state has unhesitatingly permitted the regulation of various types of business enterprises where required by the public welfare. *Falco* v. *Atlantic City*, 99 *Id.* 19 (barber shop); *Wagman* v. *Trenton*, 102 *Id.* 492 (public auctions); *Spiro Drug Service* v. *Union City*, 130 *Id.* 1; *affirmed*, 130 *Id.* 496 (drug store); *Starkey* v. *Atlantic City*, 132 *Id.* 27 (drug store); *Amodio* v. *West New York*, 133 *Id.* 220 (barber shop).

Other jurisdictions have approved anti-noise ordinances. *Brachey* v. *Maupin*, 277 *Ky.* 467; 126 *S. W. Rep.* (2d) 881; *Maupin* v. *Louisville et al.*, 284 *Ky.* 195; 144 *S. W.* (2d) 237; *Hamilton* v. *Montrose*, 109 *Colo.* 228; 124 *Pac. Rep.* (2d) 757.

There is no merit to the contention that the ordinance is so obscure, vague and indefinite as to violate section 1, article 1, of the New Jersey Constitution and the Fourteenth Amendment of the federal constitution.

Only section 4 of the ordinance, upon which the prosecutor was convicted, is relevant. In simple, unambiguous language it prohibits the use upon the public streets of any device known as a sound truck, loud speaker or sound amplifier. This is the only charge made against the defendant in the complaint. The phraseology of the statute should leave no doubt in the mind of anyone of common intelligence as to what is forbidden.

Its provisions are not unreasonable or oppressive but, on the contrary, are logical and advisable and its enforcement will give to the public at least a modicum of peace and quiet to which it is entitled.

Judgment affirmed, with costs.

Mr. Justice Perskie dissents.