STATE OF NORTH CAROLINA v. MICHAEL HENDERSON SMED-
BERG AND MARION RAINE PORTER

No. 7618SC532

(Filed 1 December 1976)

Constitutional Law § 18— loudspeaker audible beyond 150 feet — use pro-
hibited — constitutionality of ordinance

 Ordinance of the town of Greensboro which prohibits a person
from speaking into a loudspeaker which can be heard at a distance
in excess of 150 feet does not infringe upon the constitutional right
of free speech.

APPEAL by defendants from *Long, Judge.* Judgments en-
tered 22 January 1976 in Superior Court, GUILFORD County.
Heard in the Court of Appeals 9 November 1976.

Defendant Smedberg was charged in two magistrate's or-
ders, and defendant Porter was charged in one magistrate's
order, with violating § 13-12 of the Code of Ordinances of the
City of Greensboro.

While no evidence presented at the trial is set forth in the
record on appeal, the record does contain a section entitled
"Facts" which is summarized in pertinent part as follows: De-
fendants were political activists who began campaigning with
the aid of amplification equipment in the summer of 1974. In
1975, pursuant to a Greensboro city ordinance, the police first
asked defendants to adjust the volume of their amplification
system. Subsequently, defendants were arrested and charged
with violations of the Greensboro City Code, § 13-12, by operat-
ing a loudspeaker which could be heard at a distance in excess
of 150 feet.

Defendants were convicted in district court of all three
charges. At trial *de novo* in superior court, they were convicted
by a jury and from judgments imposing ten-day jail sentences,
suspended for one year upon payment of $10 fines and agree-
ments not to violate any Greensboro noise ordinance, they ap-
pealed.

*Attorney General Edmisten, by Assistant Attorney General
Parks H. Icenhour, for the State.*

*F. Mickey Andrews for the defendant appellants.*

BRITT, Judge.

We note first that in their brief defendants have improperly discussed matters which are not set forth in the record. We will not consider "facts" or other matters not supported by the record on appeal. 4 Strong, N. C. Index 3d, Criminal Law § 158.

The sole question presented for review is whether § 13-12 (14) (b) of the Greensboro City Code violates the First Amendment of the United States Constitution. Section 13-12 provides in pertinent part:

"(a) Subject to the provisions of this section, the creation of any unreasonably loud, disturbing, and unnecessary noise in the city is prohibited. Noise of such character, intensity, and duration as to be detrimental to the life or health of any individual is prohibited.

"(b) The following acts, among others, are declared to be loud, disturbing, and unnecessary noises in violation of this section, but said enumeration shall not be deemed to be exclusive, namely:

\*   \*   \*

"(14) Loudspeakers or amplifiers on vehicles. The use of mechanical loudspeakers or amplifiers on trucks, airplanes, or other vehicles for advertising or other purposes. Provided that in the exercise of free speech, loudspeakers or amplifiers may be used for non-commercial purposes under the following conditions:

\*   \*   \*

"(b) It shall be unlawful for any person to speak into a loudspeaker or amplifier within the corporate limits of the city, when such loudspeaker or amplifier is so adjusted that the voice of the speaker is amplified to the extent that it is audible at a distance in excess of one hundred and fifty (150) feet from the person speaking. Provided that the Guilford County Health Department may, upon obtaining a permit approved by the council, use loudspeakers or amplifiers as part of its educational campaign."

In construing municipal ordinances we recognize, as stated in *Cab Co. v. Shaw*, 232 N.C. 138, 142, 59 S.E. 2d 573, 576 (1950), that " '. . . it is the duty of the municipal authorities in their sound discretion, to determine what ordinances or regu-

State v. Smedberg

lations are reasonably necessary for the protection of the public or the better government of the town; and when such ordinance is adopted it is presumed to be valid; and, the courts will not declare it invalid unless it is clearly shown to be so.' (Citations omitted.) This is true when the constitutionality of an ordinance is attacked, and no law or ordinance will be declared unconstitutional unless clearly so and every reasonable intendment will be made to sustain it."

Defendants contend that the challenged ordinance is an unconstitutional restraint on their freedom of speech in that it contains an "arbitrary distance or zone within which the human voice may be heard" and an "overly restrictive distance within which political ideas may travel." We find the contentions to be without merit.

It is well settled that sound and noise amplification is subject to reasonable regulation as to place, time and volume. *Kovacs v. Cooper,* 336 U.S. 77, 93 L.Ed. 513, 69 S.Ct. 448 (1949). "Opportunity to gain the public's ears by objectionably amplified sound on the streets is no more assured by the right of free speech than is the unlimited opportunity to address gatherings on the streets." *Kovacs v. Cooper, supra.* We think, as stated in *Commonwealth v. Geuss,* 168 Pa. Super. 22, 76 A. 2d 500, 504 (1950), that "[t]he freedom to express one's opinion and to invite others to assemble to hear those opinions does not contain the right to compel others to listen."

The challenged ordinance does not infringe upon the constitutional right of free speech. It is a valid exercise of the police power of the municipality to promote public welfare and safety. Specifically, the ordinance is a reasonable regulation of the noise level designed to protect the tranquility and well-being of the citizens of Greensboro; it is narrowly drawn and properly enforceable.

We hold that the challenged ordinance is constitutional.

No error.

Judges VAUGHN and MARTIN concur.