WENCO MANAGEMENT COMPANY, DUANE L. HOOVER AND CHARLES L. HILL v. TOWN OF CARRBORO

No. 8015SC1063

(Filed 18 August 1981)

1. **Constitutional Law § 11.1; Municipal Corporations § 30.3— town zoning ordinance — arbitrary — exceeding police power**

    An amendment to a town zoning ordinance which prohibited restaurants with drive-in service and which was enacted the night after plaintiff had obtained a valid conditional use permit for that use arbitrarily singled out plaintiff's restaurant and thus contravened established constitutional limitations on the exercise of police power.

2. **Municipal Corporations § 30.4— ordinance regulating vehicular traffic — presumption of validity**

    Evidence which indicated the intersection which was the subject of a town ordinance "is one of the busier if not the busiest traffic intersection within the Town of Carrboro" was sufficient to support the trial court's finding of the potential traffic hazard and conclusion that an ordinance which pro-

hibited left turns into and out of plaintiffs' property rationally related to the safety and general welfare of the citizens of Carrboro and was a valid exercise of the Town's police powers.

APPEAL by plaintiffs and defendant from *Brewer, Judge.* Judgment entered 9 June 1980 in Superior Court, ORANGE County. Heard in the Court of Appeals 4 May 1981.

Defendant appeals from judgment which declared that a zoning ordinance adopted by the Carrboro Board of Aldermen was "arbitrary, capricious and not a valid, legitimate exercise of the police power." Plaintiffs appeal from that portion of the judgment which declared a traffic ordinance amendment by defendant a valid exercise of the police power.

Findings of fact by the trial court, supported by evidence in the record, indicate that on 5 March 1980, plaintiffs obtained a conditional use permit from the Carrboro Board of Adjustment to construct a Wendy's Restaurant with a drive-in window in a B-1 zoning district.[1] On 14 March 1980 defendant filed an action attacking issuance of the permit to plaintiffs and obtained a temporary restraining order halting construction. The court dissolved the temporary restraining order on 25 March 1980 and dismissed the action.

That evening the Carrboro Board of Aldermen passed an ordinance which prohibited left turns into and out of plaintiffs' property and a portion of an adjoining property. The Board also set a public hearing to consider amendment of the zoning ordinances to create a B-4 district in which only restaurants with drive-in windows would be permitted, and to exclude restaurants with drive-in windows from districts B-1, -2, and -3. After receiving the Planning Board's recommendation against the B-4 amendment, the Board of Aldermen conducted a public hearing and on

---

1. The Carrboro Zoning Ordinance provided, in part:

B-1 General Business District

It is the purpose of this district to accommodate a wide variety of commercial wholesale and retail uses related to the town's central business area.

Carrboro also had B-2 and B-3 districts permitting more limited business uses. Restaurants were listed as conditional uses in all three business districts.

14 April 1980 adopted the amendment, which provided in part as follows:

> Section 1. Section 1 of Article VI of the Carrboro Zoning Ordinance is hereby amended by adding thereto a new subsection 1.81, to be placed between subsections 1.8 and 1.9. This new subsection shall read as follows:
>
> 1.81 B-4 <u>General Business</u>
>
> This district is established to accommodate the widest variety of commercial uses including many that are deemed inappropriate in other business districts.
>
> . . . .
>
> Section 4. Section 2.1 (Table of Permitted Uses) of Article VII of the Carrboro Zoning Ordinance is amended . . . to indicate that restaurants with drive-in service or drive-up window service are permissible in the B-4 zoning district (but only in the B-4 zoning district) with a conditional use permit issued by the Board of Adjustment.
>
> Section 5. All provisions of any town ordinance in conflict with this ordinance are repealed.

When it adopted this amendment, defendant did not designate a B-4 district on its zoning map. The day following adoption of the amendment defendant issued a stop work order to plaintiffs.

On 30 April 1980 plaintiffs filed a declaratory judgment action seeking a declaration that the B-4 amendment and the traffic ordinance were unconstitutional. The court entered judgment (1) declaring the B-4 amendment unconstitutional and permanently enjoining its enforcement, and (2) upholding the left turn ordinance. Plaintiffs and defendant appeal.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill and Hargrave, by Douglas Hargrave, for plaintiffs.*

*Michael B. Brough for defendant.*

WHICHARD, Judge.

I. THE B-4 DISTRICT AMENDMENT

[1] G.S. 160A-381 and G.S. 160A-382 authorize towns to divide their territorial jurisdictions into districts and to regulate land uses therein to promote the health, safety, morals, or general welfare of the community. G.S. 160A-385 authorizes towns to amend ordinances adopted pursuant to this authority. Towns exercising this authority are, however, subject to constitutional limitations against "arbitrary and unduly discriminatory interference with the rights of property owners." *Zopfi v. City of Wilmington,* 273 N.C. 430, 434, 160 S.E. 2d 325, 330 (1968). The ordinances enacted must rationally relate to the valid police power objective of promoting the health, safety, morals, or general welfare of the public. *Id.* at 433, 160 S.E. 2d at 330. "Neither the legislature by statute nor a municipal corporation by ordinance or resolution nor an administrative board exercising delegated police powers may arbitrarily or capriciously restrict an owner's right to use his property for a lawful purpose." *In re Application of Ellis,* 277 N.C. 419, 424, 178 S.E. 2d 77, 80 (1970).

The B-4 amendment purported to create a new business classification which would accommodate the "widest variety of commercial uses" including "many . . . deemed inappropriate" for the existing business districts. The amendment as enacted, however, listed only one use, restaurants with drive-in service, for the new district. The amendment removed only restaurants with drive-in service from the list of conditional uses in districts B-1, -2, and -3, leaving both restaurants without drive-in service and non-restaurant drive-in businesses as permitted uses in those districts. Further, when it enacted the amendment, defendant did not designate any area within its territorial jurisdiction as a B-4 district, thereby effectively precluding construction of restaurants with drive-in service in the entire town. Finally, the chronology of events preceding passage of the amendment indicates that defendant amended its ordinances in direct response to plaintiffs' proposed construction of a restaurant with drive-in service after plaintiffs had obtained a valid conditional use permit.

The record fails to demonstrate any rational relation of the amendment to a legitimate police power objective. The fact that

the amendment constituted part of a comprehensive zoning ordinance under consideration by the town aldermen does not supply the necessary rational relation. The amendment as enacted arbitrarily singles out and renders impermissible that use proposed by plaintiffs, and it thus contravenes established constitutional limitations on exercise of police powers. *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974); *In re Application of Ellis*, 277 N.C. 419, 178 S.E. 2d 77 (1970).

The trial court's findings of fact, supported by evidence in the record, sustain its conclusion that the B-4 district amendment was unlawful as an arbitrary and unduly discriminatory interference with plaintiffs' property rights which lacked any rational relation to valid police power objectives. The judgment in this respect is therefore affirmed.

II. THE LEFT TURN ORDINANCE

[2] G.S. 160A-300 authorizes towns to adopt ordinances regulating vehicular traffic upon the public streets. Such ordinances are presumed to be valid and the courts will not declare them invalid unless clearly shown to be so. *Cab. Co. v. Shaw*, 232 N.C. 138, 59 S.E. 2d 573 (1950); *State v. Smedberg*, 31 N.C. App. 585, 229 S.E. 2d 841 (1976), *disc. rev. denied*, 291 N.C. 715, 232 S.E. 2d 207 (1977).

Evidence in the record indicates that the intersection which was the subject of this ordinance "is one of the busier if not the busiest traffic intersection within the Town of Carrboro." There is also evidence indicating that defendant's governing body had expressed "concern about traffic congestion at this particular intersection before the Wendy's application was made." This evidence was sufficient to sustain the trial court's finding that the "turns prohibited . . . would potentially constitute a traffic hazard and potentially result in substantial traffic congestion in the affected area." The finding supports the conclusion that the ordinance rationally relates to the safety and general welfare of the citizens of Carrboro and thus constitutes a valid exercise of defendant's police powers. The portion of the judgment upholding this ordinance is thus affirmed.

Affirmed.

Chief Judge MORRIS and Judge WEBB concur.