NICHOLAS LA PORTA v. BOARD OF HEALTH OF THE CITY OF HOBOKEN.

Argued February 18, 1904—Decided June 13, 1904.

The legislature has given ample authority to the board of health in the exercise of the police power to prevent the spread of contagious skin diseases in barber shops, and stringent regulations for that purpose are lawful.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Leon Abbett.*

For the defendant, *Edwin A. S. Lewis.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit certifies unto the Supreme Court an ordinance of the board of health of Hoboken, providing rules to be observed in barber shops to prevent contagious diseases of the skin and fixing a license fee of $2 in each case.

The legislature has given ample authority to the board of health in the exercise of the police power to prevent the spreading of contagious skin diseases. *Gen. Stat., p.* 1644, § 49; *Gen. Stat., p.* 1642, § 39.

Powers conferred for the preservation of the public health should receive a liberal construction so that they may be rendered effective. *Morford* v. *Board of Health,* 32 *Vroom* 386; *Gregory* v. *City of New York,* 40 *N. Y.* 273.

The license fee which may lawfully be imposed for regulation is reasonable in this case for that purpose. *Benson* v. *Hoboken,* 4 *Vroom,* 280; *Muhlenbrink* v. *Long Branch,* 13 *Id.* 364; *Blanke* v. *Board of Health,* 35 *Id.* 42.

In the agreed state of the case it is admitted that the license fees will not be sufficient to pay the additional expenses of printing, clerical work and of inspection required of the board of health by the ordinance.

The only reason assigned for holding that the statutory requirements were not observed in passing the ordinance is that it was not published for two weeks before taking effect. *Gen. Stat., p.* 1638, § 16.

It was adopted on the 23d of December, 1903, and by its terms was to take effect on the 1st day of January, 1904.

*Gen. Stat., p.* 1638, § 16, was amended by section 49 (*Gen.*

*Stat., p.* 1644), which provides that the ordinance shall be published at least one week prior to its final pasage.

By the agreed state of the case it is admitted that the ordinance was adopted on December 23d, 1903, and that it was thereafter published for two weeks.

The case fails to show whether it was published before its adoption.

The objection now made as to publication is not assigned as a reason and not supported by proofs.

The writ of *certiorari* should be dismissed, with costs.