WILSON, Respondent, v. WESTERN SURETY COMPANY, et al., Appellant.

(140 N. W. 263.)

1.  **Statutes—Title—Single   Subject—Constitutional   Restrictions—Political Code—Steam Threshers.**

    Under Art. 3, Sec. 21, Constitution, providing that no law shall embrace more than one subject, which shall be expressed in its title, Act of 1903, entitled "An Act to provide a Revised Political Code for the State of South Dakota," etc., is not obnoxious to the objections that Art. 29 of Chap. 27 of said Code is not embraced within the title, and that the whole Code contains more than one subject. **Held,** further, that all of the lengthy recitals in said title containing specific restrictive matter were unnecessary in order to meet the requirements of said constitutional provision.

2.  **Same—Subject Expressed in Title—Police Power—Political Code.**

    Under said constitutional provision, the Act under which the Political Code of 1903 was enacted, and whose title, for purposes of this decision, was "An act to provide a Revised Political Code for the State of South Dakota  *   *   *   fixing and defining the police power of the state and matters incidental thereto," although not embracing the words "steam threshers" constituting the sub-head of Art. 29 of Chap. 27 of said Code, clearly expresses the subject-matter of Art. 29 requiring users of steam threshers to give bond with surety conditioned to pay damages arising from fire caused by violation of the law, or, in lieu thereof, to take out fire insurance to cover such damages.

3.  **Negligence—Cause of Fire—Sufficiency of Evidence—Question for Jury.**

    In an action for damages resulting from alleged negligence in handling a thresher engine, by which plaintiff's hay was burned, **held,** the evidence sufficiently shows that said machinery was the cause of the fire, and that the question of negligence was for the jury.

4.  **Appeal—Record—Question Not Raised Below.**

    Certain questions, raised for the first time in this Court, regarding the form of the action and the party plaintiff, will not be considered.

(Opinion filed March 11, 1913.)

Appeal from Circuit Court, Potter County.  Hon. J. H. BOTTUM, Judge.

Action by Wesley J. Wilson against the Western Surety Company and another, for damages for destroying by fire plaintiff's

hay. From a judgment for plaintiff, defendant Surety Company appeals. Affirmed.

*Joe Kirby,* for Appellant.

With regard to the first of these reasons I wish to say that the act of the legislature under which the bond in question was given never had any validity, because no attempt even, was made by the legislature to comply with article III, section 21 of the constitution of the state.

I am sure it will not be urged by my opponent that the legislature could make the title sufficient by saying they would pass a political code, for if that were sufficient the legislature in the future could say "An act to pass a law, or a political law, or a criminal law," and end there, so that section 21 would become a matter of form and not of substance. State v. Becker, 3. S. D. 29; Beeker v. Railway Co., 132 N. W. 795.

There is not a particle of evidence in this case that legitimately tends to show that the operator of the machine was negligent.

There is no evidence whatever in the record that shows that Mr. Hanson was negligent or careless in operating his machine, and that fire was started as the result thereof, for section 3144 clearly precludes the idea that negligence is to be presumed from the setting of the fire. 8 Ency. Evidence, 852; Sherman & Redf. Neg. Sec. 57; Cosulich v. Oil Co., 25 N. E. 259.

*Tisk & Sargent,* for Respondent.

The revision of the laws of South Dakota was not, technically, the enactment of a "law." It was merely the collecting or codifying of the existing laws which had theretofore been enacted and were then in force. The constitution refers to the enactment of laws and not to the codification. A code, body or system of law adopted or enacted by a single act of a Legislature is not within the spirit or the letter of the mandate. Ex. p. Thomas, 113 Ala. 1, 21 So. 369; Ellis v. Parsell, 100 Mich. 170; 58 N. W. 839; Hunt v. Wright, 70 Miss. 298, 11 So. 608; United States v. Moore, 26 Fed. Cas. 15804; Porter v. Waterman, 77 Ark. 383, 91 S. W. 754.

The repealing act, Chap. 199 of the Session Laws of 1903, "did not become operative until the statute to which it related was replaced by the re-enactment without modification, and consequently there was no period of time when the provision under considera-

tion was not in full force." Pringle v. Canfield, 104 N. W. (S. D.) 223. Wright v. Oakley, 5 Metc. 400; State v. Wish. (Neb.) 19 N. W. 686; Middleton v. New Jersey West Line R. Co., 26 N. J. Eq. 269; Glentz v. State, 38 Wis. 549; Sandys v. Robinson, 128 N. W. (S. D.) 484.

Under this rule we believe that, even if we were to admit that there must be a sufficient new title in the re-enactment of the revised laws of 1903 that the title "steam threshers" of Art. 29 of Chap. 27 of the Political Code together with the title "an act entitled an act to provide a revised Political Code for the state of South Dakota," is sufficient.

Again, even admitting that the title upon re-enactment of the Political Code must satisfy the constitutional requirement, the title, "An act entitled an act to provide a revised Political Code for the State of South Dakota" with nothing more is sufficient. State v. Bradner 130 N. W. (N. D.) 941. The steam thresher law is germane to and embraced in the title.

The Legislature of 1903 merely adopted the revision by the commissioners of the existing laws revised under authority of Chap. 183 of the Laws of 1901, and did not enact new laws, and the requirements as to title should not be so strictly construed as in the case of enactment of new laws.

Generally, a statute will be construed so as to uphold its constitutionality rather than to render it unconstitutional. 36 Cyc. 1057. In determining the constitutionality of an act of the Legislature every intendment must be indulged in favor of its validity. State v. City of Mankato, 136 N. W. 264.

The title: "An act entitled an act to provide a revised political code for the state of South Dakota," together with the title of chap. 27, Art. 29 "steam threshers" satisfies the constitutional requirement, and even omitting the title of the chapter, the title "An act entitled an act to provide a revised political code for the state of South Dakota" satisfies the requirement. The question of negligence is one for the jury. 29 Cyc. 627-2; Pike v. City of Jamestown, 61 107 N. W. 359.

McCOY, J. There was a verdict and judgment for plaintiff in the circuit court from which defendant Western Surety Com-

pany appeals.   Plaintiff complained that defendant Hanson, in the fall of 1907; was the owner of a steam threshing machine, and that, while moving said threshing machnery over the prairie in the vicinity of plaintiff's property, negligently permitted the fire to escape from the engine and set fire to the surrounding grass, and that a high wind drove and communicated said fire to plaintiff's property, consisting of about. 40 tons of hay, of the value of $120, and wholly consumed and destroyed the same; that the said Hanson had entered into a bond, with the defendant Western Surety Company, surety, under the provisions of article 29, c. 27, Revised Political Code, and this action was instituted to recover the value of said hay as damages under the provisions of said bond.

[1]   The first contention of appellant is that the said statute (article 29, c. 27, Revised Political Code), under and by virtue of which said bond was given, is unconstitutional and void, in that the title to the act attempting to pass the same did not refer thereto, the specific contention being that said article 29, and the matters and provisions therein contained, were originally contained in chapter 145, Laws of 1890, and that said chapter 145, Laws of 1890 was expressly repealed by chapter 199, Laws of 1903, and that the title to the act passing and enacting the Revised Political Code of 1903 was not sufficient, under section 21, art. 3, Const.; providing that "no law shall embrace more than one subject which shall be expressed in its title."   It is the contention that the whole Revised Political Code is repugnant to this constitutional provision in that it contains more than one subject; and that said article 29 is also in conflict with the Constitution in that the same is not embraced within the title to the act enacting the Revised Political Code.   In this contention we are of the opinion that appellant is in error.   Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. Rep. 382; Tribune Printing & Binding Co. v. Barnes, 7 N. D. 591; 75 N. W. 904.   In the Minnesota case it was held that a title, "An act to establish a Probate Code," was not repugnant to a like constitutional provision as embracing more than one subject.   In the North Dakota case it was held that a title, "An act to be known as the political Code of the state of North Dakota," was not repugnant to a like constitutional provision as to an act not embracing more than one subject.   Under these decisions the title of the act enacting the Revised Political Code would have been sufficient had it stopped

when it said "An. act entitled an act to provide a Revised Political Code for the state of South Dakota," and then had not gone on with two long, large pages of specific restrictive matter which might defeat some of the most useful and beneficial parts of the act, thus demonstrating the ill-advised and injudicious method of working into the title of an act restrictive words, which will destroy and defeat, oftentimes, the real utility and purpose of the act, when a general title would have been sufficient.

[2]   In this particular case we are of the opinion that there is in the specific portions of the title sufficient to support and bring the same within the purview of the constitutional requirement. In the specific wording of the title in question is found the words "fixing and defining the police power of the state and matters incident thereto." With reference to the question at issue the title would read "An act entitled an act to provide a Revised Political Code for the state of South Dakota *   *   * fixing and defining the police power of the state and matters incident thereto. *   *   * " Chapter 27, of which article 29 is a part, relates to and defines the police power and matters pertaining thereto, and said article 29 and the matters embraced therein are clearly within and are matters pertaining and incident to the police power of the state and clearly within the wording of the title of the act.

[3]   It is further contended by appellant that the evidence is insufficient to justify the verdict in that there is no evidence tending to show that said threshing machinery was the cause or means of setting said fire, or that said fire was through the carelessness or negligence of the persons operating said machine. The existence of negligence, under the circumstances of this case, was a question of fact purely for the jury. We have carefully examined all the evidence preserved by the record and are of the opinion that the same was sufficient to justify the verdict. It will serve no useful purpose to incorporate the same herein.

[4]   Appellant also contends that the judgment is improper in form, being rendered against the surety and not against the principal, and also that plaintiff cannot maintain this action in his own name for the reason that said bond sued upon runs in favor of the state of South Dakota. Neither of these questions, if there is any-.

thing in them, were raised in the court below and cannot for the first time be raised in this court.

Finding no error in the record, the judgment of the circuit court is affirmed.