STATE ex rel. CARD, Plaintiff, v. GRAY, et al., Defendants.

(182 N. W. 320.)

(File No. 4864.    Opinion filed March 25, 1921.)

1.   Statutes—Title—Code Enactment Law Entitled ."An Act to Provide Revised Code of South Dakota," Whether Indicative of Code Headings and Sections—Subordinate Code Headings Immaterial Re Article.

The title to Laws 1919, Chap. 300, entitled "An Act To Provide a Revised Code of South Dakota" being the act adopting Revised Code, 1919, is sufficiently broad to cover all of the subject matter of the Rev. Code, including Secs. 6233, 6234, 6235 and 6240, being part of Art. 7, Chap. 3, Part 8, Title 6, of the Code, and entitled "City Manager," and complies with Const., Art. 3, Sec. 21, providing that no law shall embrace more than one subject, which shall be expressed in its title; this against the objection that the provisions of the law in the Code are not indicated in the various headings of TITLE, PART, CHAPTER and ARTICLE; and it is immaterial whether the several subordinate headings indicate the intent and purposes of the Article.

2. **Constitutional Law—City Manager Law—Provision Re Mayoralty Election At Organization Meeting, And Provision For Election At "May Meeting," Whether Unintelligible, Uncertain—Whether Affecting Constitutionality.**

Sec. 6234, Rev. Code 1919, provides that at the organization of the Board of City Manager Commissioners it shall elect one of their number to act as mayor until first regular meeting of May of the ensuing year (which in the instant case would be until may, 1922) and thereafter provides for the election of mayor at the May meeting in each year to act as mayor for one year (which would require an election of mayor also in May, 1921.) Held, that such anomaly does not affect the constitutionality of the Section.

3. **Elections—Removal of City Commission Officers During Term Without Abolishing Office—Statute, Provision For City Manager Board to Succeed Board "Then Serving," Whether Violating Constitution Re Due Process.**

Sec. 6234, Rev. Code 1919, providing that the newly elected City Manager Board shall succeed the City Commissioners Board then serving, is not violative of Const., Art. 6, Sec. 2, being the "due process" provision of the Constitution; this as against the objection that said provision in effect removes city officers during the term for which elected without abolishing the office; an untenable contention, since the new law supersedes the old (Sec. 6226, Code 1919,) the office of commissioner, as one of the nine provided by Sec. 6234, being separate and distinct from that provided by Sec. 6226, and when the newly elected Board assume office, the office of commissioner will have been abolished.

4. **Statutes—Act Curative of City Manager Election, Immateriality Of.**

In determining whether or not Sec. 6234, Code 1919, providing for a City Manager Board to supersede a City Commissioners Board, was constitutional, it is immaterial to consider Laws 1921, Chap. 17, purporting to legalize said election proceedings.

Original action by the State of South Dakota, on the relation of James Card, against C. E. Gray, Mayor of Rapid City, South Dakota, John D. Newcomer and others, as City Commissioners of Rapid City, South Dakota, and J. H. Mathias, City Auditor of said Rapid City, to have two City Manager elections held in Rapid City declared null and void, and to enjoin defendants from issuing certificates of election to Commissioners alleged to have been elected under City Manager law. Action dismissed, and temporary restraining order vacated.

*George E. Flavin,* and *H. F. Fellows,* for Plaintiff.

*Buell & Denu,* and *George Williams,* for Defendant.

(2)   To point two of the opinion, Plaintiff cited: Toohey v. Burnside, 40 S. D. 579.

(3)   To point three, Plaintiff cited: Malone v. Williams, 118 Tenn. 390, 103 S. W. 798.

GATES, J.   This is an original action, in which it is sought to have two elections held in Rapid City under the provisions of sections 6231 and 6234, Rev. Code 1919, declared null and void, and to enjoin the defendants, among other things, from issuing certificates of election to the nine commissioners said to have been elected under the latter section. Sections 6231-6234, Rev. Code 1919, being article 7, c. 3, pt. 8, tit. 6, of the Revised Code, embrace what is commonly called the City Manager Law.

[1]   It is urged that this law violates Const. art. 3, § 21, in that it embraces more than one subject, and that the provisions of the law are not indicated in the various headings of "Title," "Part," "Chapter," and "Article." The sections particularly attacked by plaintiff are sections 6233, 6234, 6235, and 6240. The title to the act adopting Rev. Code 1919 (as disclosed by chapter 300, Laws 1919) is "An act to provide a Revised Code of South Dakota." This is a sufficient title to cover all of the subject-matter of the Revised Code, and complies with Const. art. 3, § 21. Wilson v. Western Surety Co., 31 S. D. 175, 140, N. W. 263; J. P. Schaller Co. v. Canistota Grain Co., 32 S. D. 15, 141 N. W. 993; State v. Devers, 32 S. D. 473, 143 N. W. 364; State ex rel. Kronschnabel v. Issenhuth, 34 S. D. 218, 148 N. W. 9; Street v. Farmers El. Co., 34 S. D. 523, 149 N. W. 429; Murphy Liquor Co. v. Medbery, 35 S. D. 589, 153 N. W. 654; State v. Horner, 35 S. D. 612, 153 N. W. 766. It is therefore immaterial whether the several subordinate headings indicate the intent and purposes of the article.

[2]   It is urged that section 6234, Rev. Code, is unintelligible and uncertain, in that it provides that at the organization the board of commissioners shall elect one of their number to act as mayor until the first regular meeting of May of the ensuing year (which in the instant case would be until May, 1922), whereas it also provides for the election of mayor at the May meeting in each year (which would require an election of mayor

also in May, 1921). It is sufficient to state that this anomaly does not affect the constitutionality of the section, and the difficulties that may arise therefrom are not now before us.

[3] It is urged that the portion of section 6234, Rev. Code 1919, which provides that the newly elected board shall succeed the board of commissioners then serving violates Const., art. 6, § 2, which provides that "no person shall be deprived of life, liberty, or property without due process of law." The precise point urged is that the Legislature cannot remove officers of a city during the term for which they are elected without abolishing the office. The fallacy of the argument lies in the assumption that the office has not been abolished. The city of Rapid City has heretofore been governed by a board of three commissioners under the provisions of section 6226, Rev. Code 1919. The office of commissioner, as one of nine commissioners provided under section 6234, Rev. Code 1919, is a separate and distinct office from that provided under section 6226, Rev. Code 1919. When the newly elected board of nine assume office, then the office of commissioner of Rapid City under section 6226, Rev. Code 1919, will have been abolished.

[4] Attention is called to chapter 17, Laws 1921, which purports to legalize the said election proceedings. In the view we take of this case no attention need be given to that act.

Finding no grounds for granting the injunction sought, the action will be dismissed, and the temporary restraining order vacated.