CITY OF HURON, Appellant, v. MUNSON, Respondent

(289 N. W. 416.)

(File No. 8303. Opinion filed December 26, 1939.)

**George E. Longstaff**, City Atty., of Huron, for Appellant.
**James Byrnes**, of Huron, for Respondent.

PER CURIAM. This appeal by the city of Huron from an order of the learned trial court dismissing a complaint charging the defendant with the violation of an ordinance presents for determination the validity of an ordinance purporting to regulate the hour of closing of barber shops within that city.

Express mention of the power to regulate the ancient and honorable business of barbering is not made in any grant of power to the municipalities of this state. If it be conceded that certain general grants of power (Cf. subsection (41), section 6169, R. C. 1919, SDC 45.0201 (35),

Chapter 193 of the 1931 Session Laws, SDC 45.0201) permit such regulation by a city as a means of safe-guarding the public health, it does not necessarily follow that it may regulate the hours during which that business may be carried on. To come within the scope of its grant of power to protect the public health, any such regulation must be reasonable. 43 C. J. 228 and 307; State ex rel. Newman v. City of Laramie, 40 Wyo. 74, 275 P. 106. To qualify as reasonable, such a regulation must contribute in some real and substantial measure to the object sought to be accomplished by the grant of power. The conceded grant of power has as its purpose the protection of public health. We are convinced that the hour of closing a barber shop bears no real or substantial relation to that purpose, and that such a regulation contained in a city ordinance is therefore invalid as beyond the scope of the power granted by the Legislature. That such regulations are invalid either for the reason assigned or as in contravention of the 14th amendment of the Federal Constitution, U.S.C.A., and of provisions similar to section 2 of Article VI of our Constitution, is the view maintained by the overwhelming weight of authority. State ex rel. Newman v. City of Laramie, supra; State ex rel. Pavlik v. Johannes, 194 Minn. 10, 259 N. W. 537; Patton v. City of Bellingham, 179 Wash. 566, 38 P. 2d 364, 98 A.L.R. 1076; In re Opinion of the Justices, Mass., 14 N.E. 2d 953; Amitrano v. Barbaro, R. I., 1 A. 2d 109; State v. Greeson et al., Tenn. Sup., 124 S. W. 2d 253; Ganley v. Claeys et al., 2 Cal. 2d 266, 40 P. 2d 817; City and County of Denver v. Schmid, 98 Colo. 32, 52 P. 2d 388; Oklahoma City et al. v. Johnson, 183 Okl. 430, 82 P. 2d 1057; Eanes et al. v. City of Detroit et al., 279 Mich. 531, 272 N. W. 896; Chaires v. City of Atlanta, 164 Ga. 755, 139 S. E. 559, 55 A.L.R. 230; City of Alexandria v. Hall, 171 La. 595, 131 So. 722; Contra: Wilson v. Zanesville, 130 Ohio St. 286, 199 N. E. 187; Falco v. Atlantic City, 99 N.J.L. 19, 122 A. 610; La Porta v. Board of Health, 71 N.J.L. 88, 58 A. 115; Feldman v. Cincinnati, D. C., 20 F. Supp. 531.

The order of the trial court is affirmed.

POLLEY, J., absent and not sitting.