CITY OF SIOUX FALLS, Appellant, v. PETERSON, Respondent

(25 N. W.2d 556)

(File No. 8879. Opinion filed December 30, 1946.)

**Roy. D. Burns** and **Gene E. Pruitt,** both of Sioux Falls, for Appellant.

**Henry C. Mundt,** of Sioux Falls, for Respondent.

SMITH, J.   The defendant was charged with violation of an ordinance of the City of Sioux Falls in that he "drove

a motor vehicle involved in an accident resulting in damage to property and failed to immediately stop at the scene of such accident and give the information required" by the ordinance. On motion of the defendant the complaint was dismissed upon the ground that the city had exceeded its powers in adopting the ordinance. The city has appealed.

Our municipal corporations derive all of their powers from the legislature. Article X, Constitution of South Dakota. Ericksen v. The City of Sioux Falls, 70 S. D. 40, 14 N. W.2d 89.

By SDC 45.0102(32) there is delegated to every municipality power "To regulate the use of motor vehicles, * * *" and by SDC 45.0201(19), "To enact, * * * all such ordinances * * * as may be proper and necessary to carry into effect the powers granted thereto, * * *."

The ordinance in question provided in part that "The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall immediately stop and give his name, address, and the registration number of his vehicle and exhibit his registration receipt to * * * the driver or occupants of any vehicle collided with * * *."

It is asserted that the power "To regulate the use of motor vehicles" does not comprehend the provisions of the quoted ordinance.

■ We are considering a delegation of police power. "It is a principle settled by the concurrence of many authorities that acts of the state legislature granting the police power to municipal corporations * * * will be strictly construed * * *." 37 Am. Jur. 908, § 280. Cf. Wangsness v. McAlpine, 47 S. D. 472, 199 N. W. 478. The quoted principle has application when the intention of the legislature is in doubt. It does not justify a court in narrowing an unambiguous express power.

■ The comprehensive and unambiguous terms employed by the legislature clearly reflect an intention to clothe our municipalities with broad powers. The ordering

of a dangerous traffic so as to safeguard persons and property while expediting commerce is the obvious purpose in view. The function of determining the measures to be adopted to accomplish that end is delegated to the governing body of the municipality. In such circumstances the courts will not interfere until convinced that an adopted measure is inappropriate and unreasonable. Ericksen v. City of Sioux Falls, supra. If the adopted regulation contributes substantially to the object sought to be accomplished by the grant of power it cannot be set aside by a court as unreasonable. City of Huron v. Munson, 67 S. D. 88, 289 N. W. 416.

■ The ordinance requires one involved in an accident resulting in an injury promptly to identify himself and the vehicle used. The purpose which motivated the legislature in delegating this power of regulation to the municipalities is the same purpose which influenced those who drafted the Uniform Motor Vehicle Act. It is noteworthy that after a critical study of the problem of regulation of the use of motor vehicles, the drafters of that act deemed it advisable to include such a requirement in the Uniform Act. Section 30, Ch. 251, Laws of 1929. It promotes the exercise of care, furthers the interests of those whose property has been injured through the use of a motor vehicle, and aids those in control of municipal traffic. We conclude that the requirement is appropriate and reasonable, and hence within the limits of the power delegated to the city.

■ The foregoing conclusion was reached after separately considering the power "to regulate the use of motor vehicles." As indicated supra, the legislature adopted the Uniform Motor Vehicle Act in 1929. In slightly revised form, it remains in force as SDC 44.03. The phrasing of the ordinance in question is identical with that of SDC 44.0330. It is suggested that when the granted power is considered against this background of legislation, a different conclusion is impelled.

The ordinance is not invalid because identical with the statute. The competency of the legislature to confer power to ordain an act an offense against municipal authority, not-

withstanding such act has been made a public offense by statute, is settled in this jurisdiction. City of Yankton v. Douglass, 8 S. D. 441, 66 N. W. 923; and see City of Elk Point v. Vaughn, 1 Dak. 113(108), 46 N. W. 577; Ex parte Webster, 47 S. D. 142, 196 N. W. 549; 3 McQuillin Municipal Corporations, § 924; 47 Am. Jur. 792, § 166; and Cooley's Const. Lim. (7th Ed.) p. 279.

There is convincing evidence that the legislature did not intend to occupy the field of motor vehicle regulation and thus to withdraw completely the power theretofore granted to municipalities. The power of the municipalities was reaffirmed by re-enactment at the legislative session which enacted the Uniform Act (cf. Ch. 197, Session Laws 1929) and again by the re-enactment of that power together with a revised version of the Uniform Act in the Revised Code of 1939. That it contemplated a continuing exercise of regulatory power on the part of the municipalities is further evidenced by SDC 44.0334 which originated as Section 34 of the Uniform Act. It provides:

"Local authorities except as expressly authorized by sections 44.0303 and 44.0321 shall have no power or authority to alter any speed limitations declared in this chapter or to enact or enforce any rule or regulation contrary to the provisions of this chapter, except that local authorities shall have power to provide by ordinance for the regulation of traffic by means of traffic officers or semaphores or other signaling devices on any portion of the highway where traffic is heavy or continuous and may prohibit other than one-way traffic upon certain highways and may regulate the use of the highway by processions or assemblages. Local authorities may also regulate the speed of vehicles in public parks and shall erect at all entrances to such parks adequate signs giving notice of any such special speed regulations."

Our whole concern is with the intention of the legislature. We think it has made its intention explicit. It seems plain that the provisions of SDC 44.0334 supra were inserted in the Uniform Act for the purpose of marking out the legislative limitations upon the power of the municipali-

ties to regulate the use of motor vehicles. So far as pertinent to the validity of the ordinance we are considering, the limitation there expressed is "Local authorities * * * shall have no power * * * to enact or enforce any rule or regulation contrary to the provisions of this chapter, * * *." It is municipal regulations which conflict with the statutes which are proscribed. Obviously, this ordinance which adopts the phrasing of the statute is not in conflict therewith.

In our opinion, the city acted within the scope of its powers. The judgment of the trial court is reversed.

All the Judges concur.

POLLEY, J., not sitting.