CITY OF RAPID CITY, Respondent v. RENSCH, Appellant

(90 N.W.2d 380)

(File No. 9659. Opinion filed May 31, 1958)

**William M. Rensch,** Rapid City, for Defendant and Appellant.

**Leonard E. Morrison, Thomas R. Lehnert,** Rapid City, for Plaintiff and Respondent.

RENTTO, P.J. In this proceeding defendant challenges the validity of the parking meter ordinance of the city of Rapid City, South Dakota.

He was charged with violating that ordinance on seven occasions between November 30th and December 5th, 1956. On the trial of these violations in the Municipal Court of that city, two of the charges were dismissed. The jury found him guilty of the remaining five. Judgments were entered sentencing him to pay a fine of $25 on each violation. He appeals from these judgments.

Parking meters were introduced in Rapid City by the adoption of Ordinance 469 which was published as required by law on February 21, 1946. This enactment was incorporated as Ch. 12.02 of Ordinance 470, effective May 22, 1946, which was an ordinance in revision of the old ordinances of the city. Two sections of this portion of the ordinance have since been amended. The prosecutions here involved were under this chapter. Defendant's first contention is that when these provisions were promulgated the city was without power to enact an ordinance providing for parking meters.

The powers which our municipal corporations possess are only those which have been conferred upon them by the Legislature. This is the mandate of Art. X of the Constitution of this state. City of Sioux Falls v. Peterson, 71 S.D. 446, 25 N.W.2d 556. However, a grant of authority includes those incidental or implied powers that are necessary to enable the municipality to perform the function authorized. Ericksen v. City of Sioux Falls, 70 S.D. 40, 14 N.W.2d 89. Long prior to the adoption of the ordinance in question the Legislature had delegated to municipalities the power "To regulate the use of* * *, streets, alleys,* * *", SDC 45.0201(44) and the power "To regulate traffic and sales upon the streets and sidewalks and in public places." SDC 45.0201(42). Since a naked delegation of power is not self-executing, the

Legislature also gave to our municipalities the power "To enact, * * * all such ordinances, * * * as may be proper and necessary to carry into effect the powers granted thereto, * * *". SDC 45.0201(19).

 The powers granted by SDC 45.0201(44) (42) are broad ones. Clearly they include the right to regulate the parking of motor vehicles on the streets and alleys of a municipality. It is included in the broader power of traffic regulation. City of Bloomington v. Wirrick, 381 Ill. 347, 45 N.E.2d 852, certiorari denied 319 U.S. 756, 63 S.Ct. 1175, 87 L.Ed. 1709; State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598; School District of McCook v. City of McCook, 163 Neb. 817, 81 N.W.2d 224; Glodt v. City of Missoula, 121 Mont. 178, 190 P.2d 545; Morris v. City of Salem, 179 Or. 666, 174 P.2d 192. Whether this regulation is accomplished by the older method of policemen attempting to enforce the limitations on parking or the more modern means of coin-operated mechanical devices it is an exercise of the same power.

 In addition to limiting parking as to time and place, the ordinance also requires those who avail themselves of this privilege to first deposit a coin in the meter. Twelve minutes of parking may be had for a cent up to one hour or one hour for a nickel. Two hours is provided by the deposit of a nickel and five cents or two nickels. It seems to us that the power to impose the fee is a power incident to, and implied in its power to regulate parking. City of Bloomington v. Wirrick, supra; City of Roswell v. Mitchell, 56 N.M. 201, 242 P.2d 493; Opinion of the Justices, 94 N.H. 501, 502, 51 A.2d 836, 837. It may reasonably be expected to discourage some parking in the metered area thereby contributing to the effectiveness of the regulation.

 Subsequent to the enactment of the ordinance here involved, Ch. 225, Laws 1947 was adopted. That section is as follows:

"Every municipality shall have the power to acquire, operate, maintain and regulate parking meters on the public streets and places and on parking lots and areas controlled by the municipality, to fix and collect regulatory parking fees for the park-

ing of vehicles in parking meter spaces thereon, and to use the proceeds therefrom for traffic regulation."

The purposes for which such proceeds could be used were enlarged by Ch. 196, Laws of 1949 and Ch. 244, Laws of 1951, which appear as SDC Supp. 45.0201-1(10), and by Ch. 252, Laws of 1953. Defendant seems to be of the view that the enactment of Ch. 225, Laws of 1947 is a legislative construction that the power to adopt such ordinances had not previously been delegated to the municipalities of this state. We do not so regard it. Rather, it is our view that it may have been passed simply for the purpose of removing doubt from existing statutes and to expressly recognize as important in this field a rather recent development—the off-street parking lot. See Straub v. Lyman Land & Investment Co., 30 S.D. 310, 138 N.W. 957, 46 L.R.A.,N.S., 941.

■ It is agreed by the parties that when Ordinance 469 was adopted it was not recorded in the Ordinance Book as required by SDC 45.1005, nor filed with the Auditor as required by SDC 45.1003. Defendant urges that because of these omissions it never became an effective ordinance and for that reason was not included in Ordinance 470. Even if these omissions made Ordinance 469 invalid, a matter which we do not decide, it is our view that on the adoption of Ordinance 470 it became an effective portion thereof. The ordinance under which defendant was charged is not a mere compilation of existing ordinances without revision, amendment or publication such as is authorized by SDC 45.0201 (20). Rather, it is a new enactment authorized by SDC 45.0201(21) and made subject to referendum. This is so not because of any power of legislation in the revisors but because of the adoption of their labors by the governing body as a new ordinance. See Sirota v. Kay Homes, 208 Ga. 113, 65 S.E.2d 597.

■ SDC 45.1007 which authorizes such revisions provides as follows:

"The governing body of any municipality not oftener than once every five years may appoint a committee of one or more competent persons to prepare and submit for its consideration an ordin-

ance in revision of the ordinances of the municipality.

"Upon the adoption of such ordinance by the governing body the auditor or clerk shall publish a notice of the fact of adoption of an ordinance in revision once each week for two successive weeks in the official newspaper, and twenty days after the completed publication of such notice, unless the referendum shall have been invoked, such ordinance shall become effective without publication in a newspaper."

After the re-enactment of Ordinance 469 as Title 12 of Ordinance 470, it was no longer vulnerable to assault on the claim that its original enactment was not in accordance with statutory requirements. Miles Laboratories v. Owl Drug Co., 67 S.D. 523, 295 N.W. 292; Sutherland Statutory Construction, 3d Ed. § 3708. If its original enactment rendered it invalid it was made effective on its re-enactment as a part of the revision.

It is urged that the ordinance in revision is not in effect because it was not published in its entirety as required of original ordinances by SDC 45.1003. Prior to Ch. 247, Laws of 1925, ordinances in revision were apparently required to be published in the manner of original ordinances. § 6249, Rev.Code 1919. By the 1925 enactment the publication of the ordinance in revision in its entirety was dispensed with and the publication of a notice of the fact of its adoption substituted therefor. The reasons for this are obvious. It is a method now sanctioned in the adoption of other ordinances of a comprehensive nature. SDC Supp. 45.1003. An ordinance in revision need not be published in the manner prescribed for ordinances generally. It is sufficient if notice of its adoption be given as required by the authorizing statute. Town of Grundy Center v. Marion, 231 Iowa 425, 1 N.W.2d 677.

Ordinance 470 was entitled "An Ordinance in Revision of the Old Ordinances of Rapid City, South Dakota". Defendant feels that this title does not meet the requirements of SDC 45.1001 that "An ordinance must embrace but one

subject which shall be expressed in its title." We do not agree. In Wilson v. Western Surety Co., 31 S.D. 175, 140 N.W. 263, 264, this court had presented the same contention under similar requirements of Art. III, § 21 of our Constitution concerning the 1903 Revised Political Code of this state. It was there said: "the title of the act enacting the Revised Political Code would have been sufficient had it stopped when it said 'An Act entitled an act to provide a Revised Political Code for the state of South Dakota' ". The numerous cases in which this court has applied that rule are cited in State ex rel. Card v. Gray, 44 S.D. 60, 182 N.W. 320. See also Sutherland, supra, § 3902; McQuillan Municipal Corporations, 3d Ed. § 16.86.

█ It is stipulated that under the Ordinance in question a person using a metered parking space may use it as long as he inserts sufficient coins to prevent the meter from signaling a violation. Defendant proceeds from this basis to urge that because of this feature the ordinance involved is not a reasonable exercise of the police powers of the city. He advances the view that the meters would better accomplish their purpose if this continuous parking were not permitted. Even if he is correct in this view, that is not the test for determining whether the regulation adopted is an appropriate or reasonable means for accomplishing its objectives.

In City of Sioux Falls v. Peterson, supra, [71 S.D. 446, 25 N.W.2d 557], this court said:

> "The function of determining the measures to be adopted to accomplish that end is delegated to the governing body of the municipality. In such circumstances the courts will not interfere until convinced that an adopted measure is inappropriate and unreasonable. Ericksen v. City of Sioux Falls, supra. If the adopted regulation contributes substantially to the object sought to be accomplished by the grant of power, it cannot be set aside by a court as unreasonable. City of Huron v. Munson, 67 S.D. 88, 289 N.W. 416."

The congestion of traffic arising from unregulated parking

is a real problem in many of our municipalities. Using policemen to enforce limitations on the practice has apparently been only partially successful. In Ch. 216, Laws of 1955, our Legislature expressly recognized the greatly increased use by the public of motor vehicles and the problems created by parking them on the streets of our municipalities. It seems to us that the mere presence of these parking meters and the necessity that those using the same for more than two hours must return thereto to deposit the additional coin, will contribute substantially to the attainment of the objectives of this regulation. These requirements will deter some from parking in congested areas and hasten the departure of others who have parked therein.

The record discloses that during the years 1953-56, both inclusive, Rapid City had a take of $279,514.93 from its parking meters. During those years it spent $256,137.63 of such revenues. That was expended as follows: Purchase of meters, $50,599.92; purchase and development of parking lots, $99,743.28; repair of meters, $13,357.74; and transfer to general fund, $92,436.69. At the beginning of this period there was a balance on hand of $16,482.78 and at the end it was $23,377.30. The parties stipulated that these figures "accurately reflect the amount of income derived from coins placed in parking meters and, further, that the statement will reflect the disbursements of the money collected from these parking meters for the years 1953 through December 31, 1956." With this showing as a basis, the defendant urges that the ordinance in question is invalid because it is a revenue measure and not an exercise of the police powers of the municipality.

This objection seems to have been made in nearly all of the parking meter cases. While it has been sustained in some instances they seem to be the exception. See cases collected in McQuillan, supra, § 24.650; Berry on Automobiles, 7th Ed. § 2.127; Blashfield Cyclopedia of Automobile Law and Practice § 78.10; Annotations, 108 A.L.R. 1152 and 130 A.L.R. 316; Cal. Law Rev. Vol. 35, p. 235; 60 C.J.S. Motor Vehicles § 28 e; 5A Am.Jur., Automobiles and Highway Traffic, § 57; West's Fifth and Sixth Decennial Digests and General Digest, Third Series, Automobiles, Key 5, 6, and 7. Even though a police regulation results in revenue to the

city it is not a revenue measure unless the income therefrom is more than is reasonably necessary to accomplish the objectives of the regulation. Mundell v. Graph, 62 S.D. 631, 256 N.W. 121.

The purpose of the charge made is thus declared in this ordinance:

"12.0210 Purpose of Fee Collected. The amount of the coins required to be deposited in parking meters as provided herein is hereby levied and assessed as a fee to provide for the proper regulation, control, and inspection of traffic upon the public streets, and to cover the cost of supervising, regulating, and inspecting the parking of vehicles in the parking meter zones provided for herein, the cost of placing and maintaining lines or markings designating parking spaces in parking meter zones, and the cost of the purchase, supervision, protection, inspection, installation, operation, maintenance, control, and use of the parking meters installed hereunder."

That this enactment contemplates the use of meter receipts for the broad purpose of traffic control and regulation and does not restrict their use to the operation of the meter system does not make it a revenue measure. Hickey v. Riley, 177 Or. 321, 162 P.2d 371. This language of the ordinance clearly restricts the use of the receipts therefrom to purposes of regulation. We must accept this as the purpose of the ordinance until the evidence clearly shows it to be otherwise. Cassidy v. City of Waterbury, 130 Conn. 237, 33 A.2d 142.

It is our duty to uphold this ordinance unless its infringement of constitutional restrictions is so plain as to admit of not doubt. City of Sioux Falls v. Kadinger, 75 S.D. 86, 59 N.W.2d 631. Traditionally, the burden of establishing this is on him who makes the assertion. In this defendant has failed. Because of evidentiary insufficiencies this record does not present the question of whether the ordinance here involved is in fact a revenue measure. While the actual receipts from the meters during the period in question are shown we are left in the dark as to how much was spent in

enforcing the ordinance and effectuating its purposes. William Laubach & Sons v. City of Easton, 347 Pa. 542, 32 A.2d 881; DeAryan v. City of San Diego, 75 Cal.App.2d 292, 170 P.2d 482; City of Hutchinson v. Harrison, 173 Kan. 18, 244 P.2d 222. This showing of disbursements is not a showing of the total amount spent to carry out its purposes. It is manifest that other expenditures, in addition to those listed, had to be made in enforcing the ordinance. These items are not in evidence.

That the sums of money involved are rather substantial does not brand it a revenue measure. In a way that but serves to point up the magnitude of the problem. The fact that there seems to be an unexpended balance in the fund is of no significance. The reasonableness of and the necessity for this balance can be determined only in view of the present plans and needs of the city in this field. These are not shown. The expenditures made for off-street parking are required by Ch. 252, Laws of 1953 and provide facilities that contribute substantially to the accomplishment of the objectives of the ordinance under attack. Concerning the transfer of receipts to the general fund defendant seems to imply that this is a diversion thereof to a purpose foreign to the objectives of the regulation. As above observed there is no showing of the purposes to which these funds were applied. But even if they were diverted that would not be because of the ordinance but rather in spite of it and would not affect its validity. State v. Douglas, 117 Vt. 484, 94 A.2d 403.

The ordinance makes it unlawful to have a vehicle in a parking space when the signal indicates that the space is illegally in use, "other than such time as is necessary to operate the meter to show legal parking,". Defendant contends that the quoted language makes the ordinance so vague and indefinite as to violate due process. We think not. Without this language it could be urged that the motorist would be in violation the moment he drove his vehicle into the restricted space. This language allows him time to get out of his vehicle and go to the meter and deposit his coin. It does not, however, give him time in which to

go in search of a coin as claimed by defendant. People v. Baxter, City Ct., 31 N.Y.S.2d 320.

■ ■ Another provision of the ordinance provides that the police are to attach to the illegally parked vehicle a notice stating the violation and instructing the owner or operator to report at once to the police station. In these cases such notice was not attached but there was attached to the vehicle on each violation a small envelope which advised him of his violation and directed him to put 50¢ in the envelope and seal and deposit it in an overtime parking box, the locations of which were stated on the envelope, or deliver it to the office of the clerk of the Municipal Court. It stated that this was the penalty for his violation. He chose not to do this. As his final objection defendant urges that he should have been given the notice prescribed in the ordinance. Be that as it may, such deviation from the ordinance did not deprive the court of jurisdiction to try him. Further, the record does not show that any complaint was made thereof on the trial in which defendant voluntarily appeared.

Affirmed.

All the Judges concur.