**Arnold MURRAY, Appellant,**

v.

**CITY OF SIOUX FALLS, a municipal corporation; Harold Hanson, individually and in his official capacity; Rhonda Jensen, individually and in her official capacity; and the Sioux Falls Police Department, Appellees.**

**No. 87–5452.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided Feb. 8, 1989.

Peter Gregory, Sioux Falls, S.D., for appellant.

Gary P. Thimsen, Sioux Falls, S.D., for appellees.

Before LAY, Chief Judge, BROWN,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.

LAY, Chief Judge.

Arnold Murray is the general partner of a limited partnership that owns Murray Apartments, located in Sioux Falls, South Dakota (the City). On February 29, 1984, it came to the attention of Rhonda Jensen, a Sioux Falls parking patrol officer, that snow had accumulated on the sidewalk at the Murray Apartments. Jensen contacted Murray and informed him that he would be arrested if he did not remove the snow from the sidewalk. Murray refused to comply with Jensen's instructions because the snow had been placed on the sidewalk by the City's own snow plows. On March 4, 1984, Jensen signed a complaint against Murray alleging a violation of a Sioux Falls ordinance, section 38–76, for failure to remove snow from the sidewalk on his property. On March 20, 1984, a warrant was issued for Murray's arrest. Murray was subsequently arrested by Sioux Falls Police Officer Harold Hanson on April 3, 1984,

and was released later the same day after he posted a $25.00 bond. On May 24, 1984, Murray was found not guilty in a Sioux Falls magistrate's court.

Murray filed an action against the City and the officers involved in his arrest under 42 U.S.C. § 1983 in federal district court alleging unlawful arrest. The district court,[1] finding that probable cause existed for the filing of the complaint and the issuance of the warrant, granted defendants' motion for summary judgment on December 23, 1985. On appeal, a panel of this court affirmed the district court's determination of the probable cause issue. The case was reversed and remanded, however, "for consideration of the arrest authority conferred by the ordinance, and, if necessary, consideration of any immunity defenses that defendants may assert." *Murray v. City of Sioux Falls*, No. 86–5083, slip op. at 2 (8th Cir. Dec. 9, 1986) [808 F.2d 841 (table)].

On September 25, 1987, the district court again entered judgment in favor of defendants. In its memorandum opinion, the court determined that South Dakota law, section 9–30–5, "contemplates that city ordinances relating to snow and ice removal will be enforced civilly rather than criminally." *Murray v. City of Sioux Falls*, No. 84–4248, slip op. at 3 (D.S.D. Sept. 25, 1987). Consequently, Murray's arrest was invalid since it was made pursuant to an ordinance that does not authorize arrests. The court, however, found that "[w]hile Murray was arrested and detained for a short period of time, it was pursuant to a warrant conforming to the requirements of the Fourth Amendment, and therefore, he suffered no constitutional deprivation." *Id.* at 4–5 (citing *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). In dictum, the court went on to find that Jensen and Hanson would be entitled to qualified immunity in any event. The court, however, found that the City would not be liable for various reasons. First, the dis-

---

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

trict court found that plaintiff's arrest did not violate the fourth amendment because there was probable cause to issue the warrant. Second, the court reasoned that although the City is not entitled to good faith immunity, the City had not acted in bad faith because it could not have known the arrest was unlawful.[2]

On appeal, both parties asserted that the district court's judgment had been entered without an accompanying memorandum opinion.[3] Consequently, neither appellant's nor appellees' arguments address the soundness of the district court's analysis. Murray contends that the snow removal ordinance is purely civil and does not authorize arrests prior to hearing. Murray further argues that, even if the ordinance provides such power, authorization for arrest would go beyond the scope of the authority provided under State law. The City disagrees and states that Murray's arrest was a valid action taken under the authority of its lawfully enacted snow removal ordinance.

Both parties agree that municipalities are creatures of the State and possess only those powers granted under the State's constitution and statute. *Schryver v. Schirmer*, 84 S.D. 352, 354, 171 N.W.2d 634, 635 (1969). The parties also agree that Sioux Falls is empowered to enact a snow removal ordinance under South Dakota law: "Every municipality shall have power to require the owner of abutting property to remove snow and ice from sidewalks and weeds from parking, and to provide for their removal and for taxing the expense thereof by special assessment against the abutting property." S.D. Codified Laws Ann. § 9–30–5 (1981). The parties disagree on whether Sioux Falls has overstepped the authority provided by this statute.

Sioux Falls' ordinance, section 38–76, states:

> It shall be the duty of the owner, tenant, or person in possession of any property abutting on any sidewalk to keep such sidewalk free from snow and to cause any accumulated snow to be removed from any such abutting sidewalk within forty-eight (48) hours after the termination of any snowfall or snow accumulation.

Sioux Falls, S.D., Rev. Ordinances section 38–76. If any owner, tenant, or other individual in possession of any property violates section 38–76, "it shall be the duty of any police officer or parking patrol to issue a citation for such violation." *Id.* 38–78. Under this authority Parking Patrol Jensen signed the complaint against Murray alleging violation of the snow removal ordinance and a warrant for Murray's arrest was issued.

Murray claims that these ordinances exceed the authority granted by the State court regarding the City officials' authority to enact a snow removal ordinance which treats violations as criminal misdemeanors.

---

2. We find this portion of the district court's opinion unclear. If the arrest was invalid because the City lacked statutory authority to enact an ordinance requiring arrest for failure to remove snow, then the City would be liable. The ordinance would constitute City policy and as such would authorize an unconstitutional arrest. The City's knowledge or lack of bad faith is irrelevant since a city does not enjoy qualified immunity. *Owen v. City of Independence*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). On the other hand, if the snow removal ordinance was intended to govern a petty offense but City officials misapplied it, then the question is whether the police officials who instituted the unconstitutional policy can be said to be policymakers within the terms of *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) and *City of St. Louis v. Praprotnik*, — U.S. ——, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). The district court did not decide this issue. We find we do not need to address this issue either because of our disagreement with the district

3. The appellant as well as the appellees had the responsibility of placing the district court's memorandum opinion in its appendix and addendum. Instead, the parties' briefs both stated that a memorandum opinion had not been filed. This court relies upon the filed appendix which constitutes the designated record. After our original but now vacated opinion was filed, the district court called our attention to the fact that a memorandum opinion had been entered and was contained in the original record in the district court clerk's office. We note that the memorandum opinion was not mailed to counsel by the district court clerk's office. Counsel should be notified of any order entered by the court. *See* Fed.R.Civ.P. 77(d). Nonetheless, it was counsel's responsibility to inspect the district court record and include all relevant orders and opinions in its designated appendix.

because failure to remove snow is a petty offense. Under South Dakota law, the violation of a petty offense warrants civil, rather than criminal, proceedings. S.D. Codified Laws Ann. 22–6–7 (1979). Violators are entitled to notice and a hearing, and an arrest is justified only where the violator fails to appear at the hearing. *Id.* 23–1A–19 (Supp.1987).

The City of Sioux Falls argues that Murray was not arrested for committing a petty offense. He was instead arrested for violating a municipal ordinance. Under the authority granted by state law,[4] the City adopted Sioux Falls, S.D., Rev. Ordinances section 1–4(a):

> Whenever in this Code or in any ordinance of the City an act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or wherever in such Code or ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, and no specific penalty is provided therefor, any person who shall be convicted of any such violation shall be fined not more than one hundred dollars ($100.00), or imprisoned in the city jail or county jail

not longer than thirty (30) days, or shall receive both such fine and imprisonment. Each day any violation of this Code or other ordinance continues shall constitute a separate offense.

The City maintains that because sections 38–76 and 38–78 do not expressly provide a penalty these sections incorporate the criminal penalties found in section 1–4(a). The City further contends that the combined workings of these ordinances are consistent with South Dakota law, section 9–30–5, which, in addition to expressly granting the power to make special assessments, permits a municipality to employ any reasonable means necessary to ensure compliance with snow removal ordinances. Under this interpretation the statute implicitly provides municipalities with the power to issue citations and arrest warrants for violation of snow removal ordinances.[5]

■ In its analysis, the district court focused exclusively on South Dakota law section 9–30–5 in finding that the City's snow removal ordinance may not authorize arrests.[6] We disagree with the district court's conclusion. Having considered the language of section 9–19–3, as well as that

---

**4.** South Dakota law authorizes every municipality to enact ordinances "proper and necessary to carry into effect the powers granted thereto, and to provide for the punishment of each violation thereof by a fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days or by both such fine and imprisonment." S.D. Codified Laws Ann. § 9–19–3 (1981).

**5.** During the hearing of this matter before the district court on April 6, 1987, counsel for the City stated that its use of the term "citation" was intended to refer to South Dakota's petty offense procedure, S.D. Codified Laws Ann. ch. 23–1A. Hearing Transcript at 23. He simultaneously maintained that Sioux Falls ordinance section 1–4(a) nonetheless provided pre-hearing arrest authority for the violation of any municipal ordinance that does not specifically provide a penalty and that the snow removal statute was such an ordinance. *Id.* at 25–26.

**6.** The relevant portion of the memorandum opinion reads as follows:

> Murray was arrested for violation of Sioux Falls Code, Article V, § 38–78, which provides: "In the event that any owner, tenant, or person in possession of any property is found to be in violation of any provision of this article, it shall be the duty of any police offi-

cer or parking patrol to issue a citation for such violation."

> The word "citation" is generally interpreted to be synonymous with "summons." *See,* Vol. 7 Words and Phrases, p. 243. I conclude that it does not encompass an arrest warrant, and therefore that the ordinance does not authorize warrants of arrest for persons accused of violating the ordinance.

> This interpretation is also consistent with the state law giving cities the authority to require owners of abutting property to remove snow and ice from sidewalks, S.D.C.L. 9–30–5, which provides: "Every municipality shall have power to require the owner of abutting property to remove snow and ice from sidewalks and weeds from parking, and to provide for their removal and for taxing the expense thereof by special assessment against the abutting property." This enabling legislation clearly contemplates the city ordinances relating to snow and ice removal will be enforced civilly rather than criminally. The ordinance which speaks of issuing citations for violations of the ordinance is consistent with civil enforcement rather than criminal enforcement.

> It follows that Murray's arrest was invalid since it was pursuant to an ordinance that does not authorize arrests.

of section 9–30–5, we find that Sioux Falls' snow removal ordinance is on its face a reasonable discretionary action taken within the scope of its authority.[7] South Dakota law, section 9–30–5, does not expressly preclude arrest authority; this section provides municipalities with considerable flexibility in adopting a snow removal ordinance and determining the penalties for violation of that ordinance. The possible penalty proceedings from which to choose are certainly not limited to the State's petty offense procedures. South Dakota law, section 9–19–3, clearly permits Sioux Falls to employ criminal proceedings where a municipal ordinance is violated.

Consequently, Murray's section 1983 claim against the City is barred. As stated in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), "[t]he city cannot be held liable under § 1983 unless respondent proved the existence of an unconstitutional municipal policy." 108 S.Ct. at 926. The City's official policy at issue in this case is the snow removal ordinance which authorized the arrest of violators.[8] The power to arrest those who violate this ordinance is authorized by South Dakota law, sections 9–30–5 and 9–19–3. Therefore the district court's determination that the City's snow removal ordinance, sections 38–76 and 38–78, does not authorize the making of arrests is reversed.

■ With regard to the officers, this court earlier affirmed the district court's finding that probable cause existed for the filing of the complaint upon which Murray's arrest was based. However, as the court held, if the ordinance did not authorize an arrest, "then Murray's arrest was invalid, and perhaps violated his Fourth Amendment rights." *Murray v. City of Sioux Falls*, No. 86–5083, slip op. at 2 (8th Cir. Dec. 9, 1986), [808 F.2d 841 (table)].

We hold today for the reasons previously discussed that the ordinance was a valid exercise of the City's authority. However, even if the ordinance were invalid, we agree with the district court that Officers Jensen and Hanson could not reasonably have been expected to know that the ordinance exceeded the authority granted by the State. Qualified immunity is available to municipal officials who perform discretionary functions so long as the conduct of the officials does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Fields v. City of Omaha*, 810 F.2d 830, 834 (8th Cir.1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). *See also Baker v. McCollan*, 443 U.S. 137, 145–46, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979). Under such circumstances, these officers would be entitled to qualified immunity.

Judgment reversed in part and affirmed in part.

---

*Murray v. City of Sioux Falls*, No. 84–4248, slip op. at 2–3.

7. Under South Dakota law, municipal officials are permitted unfettered discretion in interpreting and exercising powers granted by the State so long as their actions are neither arbitrary nor unreasonable. *Foss v. Spitznagel*, 77 S.D. 633, 644, 97 N.W.2d 856, 862 (1959); *City of Sioux Falls v. Peterson*, 71 S.D. 446, 448, 25 N.W.2d 556, 557 (1946).

8. The district court, having determined that the snow removal ordinance itself did not authorize the arrest, decided that the policy or custom at issue in this case involved a police directive which "requires that formal complaints be filed and warrants of arrest obtained for violations of the snow removal ordinance." *Murray v. City of Sioux Falls*, No. 84–4248, slip op. at 8.